1807.

## Carter *v.* Carter.

In the Court below,

MARCY CARTER, *Plaintiff* ; JOHN CARTER, *Defendant.*

A bond executed by five persons, in these words, " *We are holden and bound* unto M. C. in the sum of 500 dollars, for the payment of which, *we bind ourselves, and each of us,*" is a joint and several bond, on which an action may be brought against one of the obligors only.

THIS was an action of debt on bond.

The declaration alleged, " That the said *John*, on the 1st day of October, 1799, together with one *Daniel Carter*, " *Abel Carter*, *Pomeroy Newell*, and *Giles Lankton*, by his " certain writing obligatory, sealed with his seal, and also " sealed with the seal of the said *Daniel*, *Abel*, *Pomeroy*, and " *Giles*, bearing date the day and year aforesaid, acknow- " ledged himself to be held, and firmly bound, unto the said " *Marcy Carter*, in the penal sum of five hundred dollars."

The defendant having prayed oyer of the bond, set it out, with the condition annexed. The obligatory part of the bond was as follows : " We, *John Carter*, *Daniel Carter*, " *Abel Carter*, *Pomeroy Newel*, and *Giles Lankton*, are holden " and bound unto *Marcy Carter* in the sum of five hundred " dollars, for the payment of which sum well and truly to be " made, we do hereby bind ourselves, and each of us, our ex- " ecutors and administrators, and each of them." By the condition, this bond was defeasible, on the payment of one hundred dollars annually, during the life of the obligee. The defendant then pleaded in bar a judgment of the Court of Common Pleas, in the county of Hampshire, and com- monwealth of Massachusetts, in favour of the plaintiff, against *Abel Carter*, on the same bond, for the amount of the penalty, and execution to issue for the first instalment.

To this plea the defendant demurred ; and the court ad- judged the same insufficient.

*Pitkin* for the plaintiff in error.

1. The declaration, on the face of it, is bad. It begins with counting upon a *joint* bond, executed by the defendant, and four other persons. It concludes by alleging, that the defendant bound himself *severally*, without shewing how the others bound themselves, or that they bound themselves at all. If it was a *joint* bond, it was necessary to declare explicitly, that all the obligors bound themselves.

2. The judgment in Massachusetts was a good bar. Where a bond is confessedly a *joint* bond, a judgment against one of the obligors is good against all, and the others cannot afterwards be sued. The question then arises, was this a joint bond ? In the fore part of the bond the obligors say, " we are holden and bound." This is certainly joint. There is nothing here that indicates a several binding. Do the subsequent words alter the nature of the bond ? The words referred to are, " we bind ourselves, and each of us, " our executors and administrators, and each of them." But because *they and each of them* were bound, it does not follow, that they were bound *severally. They and each of them* would, in fact, be bound, if the bond were confessedly a *joint* bond only. Suppose the obligors had said, in the beginning of the bond, " we *jointly* bind ourselves," and had concluded by saying, " we bind ourselves and *each of us*" ; would the latter clause make the bond several ? But we " bind ourselves" is as clearly a *joint* obligation, as " we " *jointly* bind ourselves."

The construction, which we contend for, is supported by authority. The case of *Watts & ux* v. *Goodman,*(a) which was fully considered, goes the whole length of this case. There, the obligors *bound themselves*, as in this case, to the obligee, in a certain sum, and then concluded with these words—" *ad quam quidem solutionem, bene et fideliter facien-* " *dam,* OBLIGAMUS NOS ET UTRUMQUE NOSTRUM PER SE,

(a) 2 *Ld. Raym.* 1460.

1807.

CARTER
*v.*
CARTER.

" TOTO ET IN SOLIDO, *hæredes, executores, et administratores* " *nostros.*" The action being brought against one of the obligors only, it was objected, by the defendant's counsel, that it was brought wrong, there being no words in the bond to make it several. But the counsel for the plaintiffs argued, that it was joint and several ; and, in support of that position, cited *Dyer* 310 *b. pl.* 80. *Hankinson* v. *Sandilaus,*(*b*) and *Sayer* v. *Chater.*(*c*) The judges, however, all seemed strong in the opinion, says the reporter, that this could not be a several bond.

In *Wigmore* v. *Wells,*(*d*) the words were—" *Obligamus* " *nos,* ET QUEMLIBET NOSTRUM *conjunctim,*"—and the obligation was held to be *joint,* on the ground that the true meaning of the word " *quemlibet*" was to express more strongly, that all should be bound, not that they were to be severally bound.

In *Spencer* v. *Durant,*(*e*) the obligation was to the plaintiff and another, " *et omnibus* ET CUILIBET EORUM" ; and it was held, that the obligees had a joint interest, and that each could not bring a separate action.

Most of the cases opposed to the construction which we contend for, are cited by *Viner* with a " *dubitatur.*"(*f*)

What reasons are there, why this should be construed a *several* bond ? Could it have been the *intention* of the parties, that it should be ? That is not probable. Their object was to secure an annual payment, which the obligors were jointly liable to pay. The words " and each of us" were undoubtedly inserted, as in one of the cases cited, as words of course, to express more strongly, that all were to be bound. Besides, a different construction would subject them to a multiplicity of suits, which the law abhors. The courts will lean against a construction, which leads to such an evil.

(*b*) 2 *Bulst.* 70. S. C. *Cro. Jac.* 322.       (*c*) 1 *Lutw.* 697.
(*d*) *Moor* 360, *pl.* 407. S. C. 3 *Leon.* 206. *pl.* 264. 5 *Bac. Abr.* 164. *Guil. edit.*    (*e*) 1 *Show.* 8. *pl.* 16.    (*f*) 16 *Vin. Abr.* 56. (*G.*)

*Bradley* for the defendant in error.

One ground taken by the plaintiff in error is, that this bond is joint, and not joint and several ; and that, therefore, this action against one obligor cannot be maintained.

It is true, that the technical words " joint and several" are not used in this bond ; but it is never necessary they should be used for the purpose of constituting a joint and several obligation : it is sufficient for this purpose, if any words are used, which plainly import the same thing. The interpretation must be made upon the words of a contract in writing ; and when technical words are employed, the meaning is thereby commonly freed from any ambiguity, and this is the advantage of using them ; but when they are not used, the meaning is to be gathered from such words as are used ; for the object of all construction is to give effect to the intention of parties.

The words of this bond, " We bind ourselves, and *each* " of *us*, our executors and administrators, and *each* of *them*," obviously import an obligation imposed upon all and each of these persons collectively, and individually. (*g*)

*Each* is a distributive, and is never used in any other sense ; and to avoid this interpretation, it must be assumed, either that the words have no meaning, or that the plaintiff in error is at liberty to construe them in a manner different from their known and universally received signification.

But, it is again said, that although this bond should be considered to be joint and several, yet it is not declared upon as a joint and several bond.

(*g*) *Dy.* 196 *pl.* 114. 2 *Bulst.* 70. *Hankinson* v. *Sandilaus. Cro. Jac.* 322. *S. C.* 8 *Brook's Cases* 21. *pl.* 102. 2 *Rol. Abr.* 148. *Dy.* 310 *b. pl.* 80. 16 *Vin. Abr.* 36, *Obligation* (*G.*) *Co. Litt.* 144*b.* 5 *B.ic. Abr.* 164. *Guil. edit.*

1807.

CARTER
v.
CARTER.

The declaration alleges, that the plaintiff in error sealed the bond with others, [naming them] and severally bound himself, his heirs, &c. Every thing is alleged to show the several liability of the plaintiff in error ; and it need not be alleged, that these others jointly, or jointly and severally, bound themselves with him ; because this is implied from their having sealed the bond with him ; and also because, as the action is not brought against them, it would be useless more particularly to state the manner in which they are liable upon this bond. Indeed, these persons are not mentioned at all, to create the liability of the plaintiff in error upon this bond, but merely to avoid an objection of a variance between the declaration and the bond to be shewn on oyer, or in evidence : and being mentioned in the manner of this declaration, and the description in this case given comporting with the bond, there can be no objection of a variance. So far as in reason, or as from precedent, it was necessary to set out the bond, it has been done ; and the bond comports with the declaration, which alleges the plaintiff in error to be severally bound ; and it, therefore, follows, that he is individually liable to pay.

With respect to this plea in bar ; the plaintiff in error being severally bound, it is no excuse for his non-performance of this contract, that other persons were likewise bound, and have, like him, failed to perform it. It is true, the defendant in error can have but one satisfaction ; but until that be obtained, he may pursue the several remedies against these obligors, with which they have furnished him by their contract. The judgment pleaded in bar is a recovery of the first instalment only ; this is a good satisfaction for so much ; but the other instalments mentioned in the condition of the bond, are not answered by the plea ; which can, therefore, be no bar to this action.

BY THE COURT, unanimously,

The judgment was affirmed.