The President &c. of the STATE BANK *versus* TITUS WELLES, Executor of Abraham Touro.

An action was brought against two obligors in a joint and several bond. One died and his death was suggested on the record, and the action proceeded against the other. *Held*, that a separate action might be sustained against the executor of the deceased, while the first action was pending against the survivor.

DEBT on a joint and several bond made by Edward V. Baxter, Thompson Baxter, and the defendant's testator, conditioned that E. V. Baxter should faithfully discharge his duties as a teller of the State Bank.

The defendant pleaded in abatement, that an action for the same cause had been commenced in the Court of Common Pleas against Touro and T. Baxter as survivors of E. V. Baxter, had been brought into this Court by appeal, and had been continued from term to term till November term 1822, when Touro having deceased his death was suggested on the record, and had since been prosecuted in this Court against T. Baxter as survivor of Touro and E. V. Baxter, and yet remained undetermined.

General demurrer.

*D. Davis* and *J. T. Austin*, in support of the demurrer, *March 14th* referred to 1 Chit. Pl. 30, 37 ; *Eccleston* v. *Clipsham*, 1 Wms's Saund. 153, note ; *Enys* v. *Donnithorne*, 2 Burr. 1190 ; *Stratfield* v. *Halliday*, 3 T. R. 782 ; Bac. Abr. *Obligation, D*, 4.

*Bliss, contrà*, said that actions upon a joint and several obligation should be brought against all the obligors together, or against each one severally. The first suit was brought on the joint contract, and the plaintiff cannot sue severally while the joint suit continues pending. The only question is, whether that suit may not be considered as pending against one only, the other two obligors being deceased ; and it cannot be so considered, for it is against him as survivor ; the declaration is on the joint contract. He cited *Commonwealth* v. *Churchill*, 5 Mass. R. 174 ; *Commonwealth* v. *Cheney*, 6 Mass. R. 347 ; Bac. Abr. *Abatement, M*, and *Obligation, D ; Earl of Bedford* v. *Bishop of Exeter*, Hob. 137 ; *Rawlinson* v. *Oriett*,

State Bank
v.
Welles.

Carth. 96 ; *Lilly* v. *Hedges*, 1 Str. 553 ; *S. C.* 8 Mod. 166 ; *Peters* v. *Da. is*, 7 Mass. R. 257 ; *Austin* v. *Walsh*, 2 Mass. R. 405 ; *Sp' lding* v *Mure*, 6 T. R. 364.

*March 15th.* PARKER C. J., in giving the opinion of the Court, said in substance, it was clear that though the right of action survived against the executor of Touro, it would have been impossible to summon in the executor in the first action, for there would then have been defendants in different capacities, and the judgment must have been against one *de bonis propriis* and against the other *de bonis testatoris*.[1] The question then is, whether the decease of Touro may be considered as a severance, so that the plaintiff may bring his action against the executor at the same time that the first suit is pending. There is no question but that the obligee may sue all the obligors severally on a joint and several obligation ;[2] the objection here is, that the first suit is pending against one in his capacity of surviver.[3] We have however come to the conclusion, that the proceedings on record now show a severance, and that the action against the executor may be sustained. We see no objection to such a course on the ground of inconvenience. Enough appears on record to show that the proceedings in the first suit have ceased to operate jointly. The judgment would be against the surviver alone, and could not be pleaded in bar to an action against the executor.

We do not see any authority which contradicts this decision. The case of *Spalding* v. *Mure*, 6 T. R. 364, which was relied on, determined only that a defendant should not be held to bail on an affidavit of a debt due from three defendants

---

[1] Toller on Executors, 475; *Hall* v. *Huffam*, 2 Lev. 228; Carth. 171 ; *Coffin* v. *Cottle*, 4 Pick. 454.

[2] See *Cutter* v. *Wittemore*, 10 Mass. R. 442; *Carter* v. *Carter*, 2 Day, 442; 1 Wms's Saund. 154, *n.* (1); Poph. 16; *Rogers* v. *Danvers*, 1 Freem. 128. On a note given by several for a sum to be paid in the following proportions, viz. $\frac{1}{2}$ by A, $\frac{1}{6}$ by B, $\frac{1}{6}$ by C, &c., several actions must be brought by each, and not a joint action against all. *M'Bean* v. *Todd*, 2 Bibb, 320.

[3] It is not unusual to declare against the survivor as such, noticing the death of his co-obligor, or co-partner. Per *Le Blanc* J., 2 Maule & Sel. 25. But the survivor or his executor may be declared against without noticing the first deceased party. *Richards* v. *Heather*, 1 Barn. & Ald. 29; *Calder* v *Rutherford*, 3 Brod. & Bingh. 302; *Raborg* v. *The Bank of Columbia*, 1 Harr & Gill, 231; *Goelet* v. *M'Kinstry*, 1 Johns. Cas. 405

as surviving partners of another deceased, when the declaration was for a debt due from the three defendants alone. There is no doubt of the correctness of that decision, but it does not touch the point in question.

*Respondeas ouster.*