*Fairfield,*
June, 1852.

Bunnell
*v.*
Read.

---

## HAIGHT and wife *against* TURNER and others.

It is now fully settled, that the testimony of a juror cannot be received, for the purpose of setting aside a verdict, on the ground of mistake or misconduct of the jury.

Therefore, where certain evidence had been introduced, which the court, in its charge to the jury, directed them to lay out of the case, and one of the jurors, who was willing to testify, was offered to prove, that the jury considered and acted upon such evidence, and that it materially influenced them in arriving at their verdict; it was held, that the testimony of such juror was inadmissible.

Where the evidence exhibited on the trial, was detailed in a motion for a new trial; and the court, after a careful consideration of such evidence, could not say, that it satisfied the rule authorizing a new trial for a verdict against evidence; the new trial sought on that ground, was denied.

Where the court, in an action for an injury, sustained by the plaintiff, in a stage-coach, instructed the jury, that if the defendant owned the horses, in the absence of all evidence to the contrary, it was reasonable to presume, that the driver having the controul of them, was placed in that sit-

*Fairfield,*
June, 1852.

Haight & ux.
*v.*
Turner.

uation, by the defendant's consent, and that they were employed in his business; but that the contrary might be shewn; submitting the question to them as one of *fact* for them to decide; it was held, that the charge was unexceptionable.

THIS was an action on the case, tried before the superior court for *Fairfield* county, at the *February* term, 1852.

This action was brought to recover damages, for an injury sustained by the wife, while riding along the public highway, in the town of *Wilton*, from a certain stage-coach of the defendants, the horses of which had been so carelessly and negligently left, that they ran away with the coach, and occasioned the injury of which the plaintiffs complained.

The plaintiffs having obtained a verdict for fifteen hundred dollars damages, the defendant, *Turner*, moved to set it aside, upon the ground, that certain evidence, which had been introduced by the plaintiffs, and which the court, in its charge to the jury, had directed them to lay out of the case, had nevertheless been received and acted upon by them, and had materially influenced them in arriving at their verdict. And to prove the allegations set forth in his motion, he offered the testimony of *Cable*, one of the jurors, in this cause, and who had consented to testify. To the admission of his testimony the plaintiffs objected; and the court rejected it, found the allegations untrue, and refused to set aside the verdict.

He also filed a motion for a new trial, claiming, that the verdict was against the evidence, which was detailed at much length, and that the court erred in its charge to the jury. On the trial, it was a material question, whether *Turner* was interested in the stage and horses, and whether the driver, at the time of the injury, was acting as his servant, or only as the servant of *Whitlock*, another defendant.

It was proved and admitted, that *Turner* was the owner of the wheel horses, by which the coach was drawn, and that the leading horse, was in charge of one *Reed*, a passenger in the coach, who wished to take the horse to *Stamford;* and for greater convenience, the horse, by direction of the driver, was harnessed into the team, as a leader.

The plaintiffs claimed, that if *Turner* owned the horses, by which the coach was drawn, the law would presume the driver to be his agent, and requested the court so to charge

the jury. The court did not so instruct them, but said to them, that if *Turner* owned the horses, in the absence of any contradictory, or explanatory evidence, it was reasonable to presume, that the driver, having the controul of them, was placed in that situation, by the consent of *Turner*, and that they were employed in his business; but that the contrary might be shewn; and that the question was not a question of law, but one of fact for the jury.

*Fairfield,*
*June, 1852.*

Haight & ux.
*v.*
Turner.

The questions arising upon the motions, were reserved for the advice of this court.

*Hawley* and *Taylor*, in support of the motions, contended, 1. That the verdict was against the evidence in the cause. It is apparent, that the jury must have misunderstood, or totally disregarded, the instructions of the court upon the evidence, or must have neglected properly to consider the facts, so that substantial justice has not been done. The verdict will, therefore, be set aside. *Wendall* v. *Safford*, 12 *N. Hamp.* 171. *Thomas* v. *Hatch*, 3 *Sumner*, 170. *Sims* v. *McIntyre*, 8 *Sm. & Mar.* 324.

2. That the charge of the court was incorrect. It will forever preclude a man from letting his horses, without making him liable for the acts or carelessness of the bailee. Shall an act of kindness to a neighbour, in accommodating him with the use of your horses, render you liable for the acts of the bailee, or his servant, over whom you have no controul?

3. That the evidence in support of the motion in arrest, ought to have been received. This evidence was offered, not to prove the *misconduct* of the jury, but to shew, that they *misapprehended* the charge and the evidence.

*Dutton* and *Butler*, contra, contended, 1. That the evidence offered on the trial of the motion in arrest, was properly excluded. *Meade* v. *Smith*, 16 *Conn. R.* 346. 356. *The State* v. *Freeman*, 5 *Conn. R.* 348. *Clum* v. *Smith*, 5 *Hill*, 560.

2. That the charge of the court was favourable to the defendants upon the point raised. So far as it is now excepted to, it was correct.

3. That a new trial ought not to be granted, on the ground that the verdict was against the evidence in the cause. It

*Fairfield,*
June, 1852.

Haight & ux.
*v.*
Turner.

has been repeatedly decided, and is well settled in this court, that the evidence must not be *conflicting*, and that the verdict must be *clearly* and *manifestly* against the weight of evidence, to authorize a new trial. But in this case, the evidence was conflicting throughout ; and it not only justified, but required, the verdict given. Not only are the witnesses for the defence contradicted, by the plaintiffs' witnesses, but they contradict each other, and some of them contradict themselves—*i. e.* the evidence given on the trial, is in conflict with the stories they had previously told.

WAITE, J.    Whatever opinions may formerly have been entertained upon the subject, the rule seems now to be fully settled, in *England*, in this state, and generally throughout the *Union*, that the testimony of a juror cannot be received for the purpose of setting aside a verdict, on the ground of mistake or misconduct, on the part of the jurors. *Vaise* v. *Delaval*, 1 *Term R.* 11.    *Owen* v. *Warburton*, 1 *New Rep.* 326.    *Everett* v. *Youells*, 4 *Bar. & Adol.* 681. (24 *E. C. L.* 141.)    *State of Conn.* v. *Freeman*, 5 *Conn. R.* 348.    *Meade* v. *Smith*, 16 *Conn. R.* 348.    *The People* v. *Columbia Common Pleas*, 1 *Wend.* 297.    *Hannum* v. The Inhabitants of *Belchertown*, 19 *Pick.* 311.

" The danger would be infinite," says Lord *Ellenborough*, " if an affidavit could be received from a juryman, for the purpose of setting aside a verdict." *Rex* v. *Wooller*, 2 *Stark. R.* 111. (3 *E. C. L.* 270.

It is however said, that the testimony was not offered to shew the misconduct of the jury, but their misapprehension. Whether their conduct was the result of an intentional disregard of the instruction of the court, or a misapprehension of their duty, the rule equally applies. The admission of such evidence would have a tendency to induce unsuccessful suitors to tamper with jurors, after their verdicts had been rendered, and to prevail upon them to come forward with disclosures to set their verdicts aside. It is far better that the rule should remain uniform and settled, than to suffer the consequences that would result from any relaxation.

2. The defendant *Turner* further claims, that the verdict against him, is against the evidence in the cause. We have carefully considered the evidence, as detailed n the motion,

and cannot say, that the case is brought within the rule which will justify us in setting aside the verdict, and granting a new trial.

3. In the charge of the judge to the jury, we discover nothing erroneous. They were told, that if *Turner* owned the horses, in the absence of all evidence to the contrary, it was reasonable to presume, that the driver having the controul of them, was placed in that situation, by his consent, and that they were employed in his business; but that the contrary might be shewn; and the question was not one of law, but of fact for the jury.

The question was properly submitted to the jury, as one of fact for them to determine, uncontrouled by any rule of law. The presumption arising from the ownership of the horses, in the absence of evidence to the contrary, was a reasonable one. Every owner of personal property is presumed to have the possession, unless there be something in the case to justify a different conclusion.

We do not, therefore, advise a new trial.

In this opinion the other judges concurred, except CHURCH, Ch. J., who was disqualified under the late statute.

<div style="text-align:right">

Motion in arrest overruled;
New trial denied.