BENJAMIN CAPEN & others *vs.* INHABITANTS OF STOUGHTON.

If a sheriff's jury summoned to assess damages for the laying out of a town way, after agreeing upon a verdict for one party, sign, seal up and return into court one for the other, through mistake; and this verdict is accepted by the court on motion of the counsel of the first party, made after being informed that it was said by the jury to be in his favor and without examining the verdict itself; the court has power, at a subsequent term, upon petition, before any action has been taken on the judgment, to bring the case forward and vacate or amend the judgment; and the jurors are competent witnesses to prove the mistake.

PETITION entered at April term 1858 of the court of common pleas in Norfolk, setting forth that in November 1856 a town way was laid out over the land of the petitioners in Stoughton, and damages assessed therefor, by which the petitioners were aggrieved, and the county commissioners, upon their application and after due notice, issued a warrant for a

reassessment of the damages by a jury; that a jury was impanelled and the case tried before them; that blank forms of verdict for the petitioners and for the respondents were handed to them by the sheriff; that the jury agreed upon and filled out a verdict for the petitioners, but through mistake omitted to sign it, and signed a verdict for the respondents; that both verdicts were sealed up in one envelope and returned into the court of common pleas; that the petitioners received information from some of the jurors that the verdict returned was in their favor, and so told their counsel, and he, relying on this information, without inspecting the verdict, moved the court at December term 1857 to accept it, and it was accepted and ordered to be certified to the county commissioners. The prayer of the petition was that this judgment should be vacated, the case brought forward on the docket, and leave given the petitioners to sue out a writ of review.

*Sanger*, J. ruled that, assuming all the facts stated in the petition to be true, the petitioners were not legally entitled to the relief prayed for, and the court had no discretionary power to grant it; and dismissed the petition. The petitioners alleged exceptions, which were argued in January 1859.

*E. Ames*, for the petitioners.

*E. Wilkinson*, for the respondents.

BIGELOW, J. If the facts stated in the petition are true, it is clear that the order of the court of common pleas, accepting the verdict of the jury and ordering it to be certified to the county commissioners, was improvidently made through the mistake of counsel, and that very great injustice would be done if the error could not be in some way corrected.

We think it equally clear that the court had power at a subsequent term, in the exercise of a judicial discretion, on satisfactory proof that an erroneous entry had been made on the docket through mistake, to order the case to be brought forward for the purpose of vacating the previous erroneous order, and making such disposition of the case as the rights of the parties might require. When no action has been taken on an order or judgment, and the rights of parties to the proceeding

or those of third persons cannot be affected unjustly by the correction of an error, the court has power to order an action to be brought forward and a judgment to be vacated, in order that an entry may be made in conformity with the truth. This was distinctly settled in *Stickney* v. *Davis,* 17 Pick. 169. The court erred therefore in ruling that it had no power to grant relief to the petitioners. *Exceptions sustained, and case remitted.*

A hearing was had in the court of common pleas at April term 1859, at which *Aiken,* J., against the objection of the respondents, allowed three of the persons who had composed the sheriff's jury to testify that, after agreeing on a verdict for the petitioners and filling up a blank form accordingly, the jury by mistake signed the form of verdict for the respondents; and ordered the former case to be brought forward on the docket, and the acceptance of the verdict to be vacated as prayed for. The respondents alleged exceptions to the admission of the testimony of the jurors.

*W. Colburn,* for the respondents, cited *Chadbourn* v. *Franklin,* 5 Gray, 312; *Ex parte Caykendoll,* 6 Cow. 53; *Haight* v. *Turner,* 21 Conn. 593; *Jackson* v. *Williamson,* 2 T. R. 281; *Folsom* v. *Brawn,* 5 Foster, 114; *Murdock* v. *Sumner,* 22 Pick. 156; *Cook* v. *Castner,* 9 Cush. 266; *Folsom* v. *Manchester,* 11 Cush. 334; *Clum* v. *Smith,* 5 Hill, 560.

*Ames,* for the petitioners.

Bigelow, C. J. We think this case differs essentially from those cited by the counsel for the respondents, in which it has been held, that the testimony of jurors is inadmissible in support of a motion to set aside a verdict on the ground of mistake, irregularity or misconduct of the jury, or of some one or more of the panel. It has been settled upon sound considerations of public policy that mistake of the testimony, misapprehension of the law, error in computation, irregular or illegal methods of arriving at damages, unsound reasons or improper motives, misconduct during the trial or in the jury room, cannot be shown by the evidence of the jurors themselves, as the ground of disturbing a verdict, duly rendered. *Chadbourn* v.

*Franklin,* 5 Gray, 315, and cases there cited. One of the strongest cases on this point in the English books is *Bridgewood* v. *Wynn,* 1 Har. & Wol. 574. In all those cases, however, it will be found upon examination, that an inquiry was attempted into the conduct of jurors during the progress of the trial, or while they were engaged in their deliberations upon the case, or in making up the verdict to which they finally agreed. But in the present case the mistake which is proved by the testimony of the jurors is of a different character. It is not one connected with the consultations of the jury, or the mode in which the verdicts were arrived at or made up. No fact or circumstance is offered to be proved, which occurred prior to the determination of the case by the jury and their final agreement on the verdict which was to be rendered by them. But the evidence of the jurors is offered only to show a mistake, in the nature of a clerical error, which happened after the deliberations of the jury had ceased, and they had actually agreed on their verdict. The error consisted, not in making up their verdict on wrong principles or on a mistake of facts, but in an omission to state correctly in writing the verdict to which they had, by a due and regular course of proceeding, honestly and fairly arrived.

The case of *Cogan* v. *Ebden,* 1 Bur. 383, and 2 Keny. 24, is quite analogous to the present. There two different issues were joined as to a right of way over two separate closes. The foreman of the jury gave in the verdict as a general verdict for the defendant on both issues. The court received the affidavits of eight of the jurors, which were uncontradicted, " that it was the meaning and intention of the whole jury to find the former issue for the defendant and the latter for the plaintiff, and that this mistake was discovered by them an hour afterwards." On this evidence the court held that this "was a mistake arising from the jury's being unacquainted with business of this nature; and that it was agreeable to right and justice that the mistake should be rectified."

No considerations of public policy require that the uncontradicted testimony of jurors to establish an error of this nature

should be excluded. Its admission does not in any degree infringe on the sanctity with which the law surrounds the deliberations of juries, or expose their verdicts to be set aside through improper influences, or upon grounds which might prove dangerous to the purity and steadiness of the administration of public justice. On the contrary, it is a case of manifest mistake, of a merely formal and clerical character, which the court ought to interfere to correct, in order to prevent the rights of parties from being sacrificed by a blind adherence to a rule of evidence, in itself highly salutary and reasonable, but which upon principle has no application to the present case. *Order affirmed.*