WATERS F. OLMSTEAD, JUDGE OF PROBATE, *vs.* GEORGE F. BAILEY.

A bond by which several obligors bind " themselves and each of them, their heirs, executors and administrators and every of them," is a joint and several bond.

In a suit against one of the obligors upon such a bond it may be declared upon as his several bond, without any notice of the other obligors or of the joint character of the bond.

Where a claim has been allowed against the estate of a deceased person by commissioners on the estate, and no appeal has been taken from their doings, the executor cannot show, in defense to a suit on the probate bond for not paying the claim so allowed, that the estate has a larger claim against the creditor and that the latter is in fact a debtor to the estate.

DEBT on a probate bond, executed by the defendant as executor of the will of Aaron Turner; brought to the Superior Court and tried on the general issue with notice closed to the court, before *Minor, J.* The suit was brought for the benefit of Thomas W. Bussing, a creditor of the estate of Turner.

The bond was executed by the defendant and two other persons as executors of Turner and by two sureties, in the penal sum of $40,000, and contained the following clause: "To which payment well and truly to be made, we, the said obligors, do bind ourselves and each of us, our heirs, executors and administrators, and each and every of them, firmly by these presents." The declaration set out only the several covenant of the defendant and made no reference to the other obligors upon the bond nor to the joint character of the bond. On the trial the plaintiff offered the bond in evidence and the defendant objected to its admission on the ground of variance, but the court admitted it.

It appeared in evidence that the estate of Aaron Turner, the defendant's testator, was represented by the executors as insolvent, that commissioners were appointed thereon, who made their report of claims allowed by them, which report was accepted by the probate court, and showed an allowance of a claim of $20.50 to Bussing; that the estate was in fact

Olmstead *v*. Bailey.

solvent, and that the probate court ordered the amounts allowed by the commissioners, including the claim of Bussing, to be paid in full from the estate by the executors, and that no appeal was taken from the doings of the commissioners or from the decree of the court; and that legal demand of payment had been made upon the executors by Bussing for the amount so allowed to him and that the executors had refused to pay it.

The defendant thereupon offered evidence of an indebtedness of Bussing to Turner, the testator, in his life time, of about $500, for his, Bussing's, share of a judgment obtained against them jointly, which had been paid entirely by Turner; also evidence that on the hearing of the claim of Bussing before the commissioners the defendant and his co-executors appeared before the commissioners and informed them that the estate of Turner had the above mentioned claim against Bussing, but that they did not present the same to be passed upon by the commissioners, and that they explicitly stated to the commissioners that they should not object to the allowance of the claim of Bussing, because Bussing owed the estate this larger debt, which could be set off against his claim if allowed by the commissioners; also that the commissioners allowed the claim of Bussing, upon the understanding that Bussing's indebtedness to the estate would be applied as a set-off against his claim and that a large balance would be left due the estate, and that Bussing then was insolvent; also that the executors had entered the claim against Bussing upon their account with the estate of Turner as approved by the court of probate and had been debited with the same as a part of the assets of the estate.

To all this evidence the plaintiff objected and the court excluded it and rendered judgment for the plaintiff for the amount allowed by the commissioners to Bussing. The defendant moved for a new trial for error in the rulings of the court.

*Tayler* and *Sanford*, in support of the motion.

1. The bond was improperly admitted in evidence because
VOL. XXXV.—74

not accurately described in the declaration. 1 Saund., Pl. and Ev., 341; 1 Swift Dig., 601; *Babcock* v. *Hubbard*, 2 Conn., 536.

2. The doings of commissioners on insolvent estates are not conclusive. They are not a court of record. *Loomis* v. *Eaton*, 32 Conn., 550, and note on page 552. They have no powers beyond those conferred by statute. There is no statute that requires a defendant to avail himself of this right of set-off in any case, and where he does not he does not lose the right, but may exercise it afterwards. There is no reason why this rule should not apply to a case before commissioners. *Sacket* v. *Mead*, 1 Conn., 24; *Findlay* v. *Hosmer*, 2 id., 354; *Hotchkiss* v. *Beach*, 10 id., 242; *Ashmead's Appeal from Probate*, 27 id., 250; *Bordman* v. *Smith*, 4 Pick., 214.

3. The parol evidence offered as to what was stated and understood at the time of the hearing before the commissioners, with regard to a future set-off of the defendant's claim, should have been received. *Sears* v. *Terry*, 26 Conn., 273; *Dickinson* v. *Hayes*, 31 id., 417; *Seddon* v. *Tutop*, 6 T. R., 607; *Blackham's case*, 1 Salk., 290.

*Averill* and *Brewster*, contra.

HINMAN, C. J. This is an action on an executor's bond to the judge of probate, and as there were three executors, who, with two sureties, joined in the execution of the bond, and as the suit is against one only of the executors, the defendant on the trial objected to the admission of the bond in evidence, for the reason that the declaration counts upon it as a several bond, without taking any notice of the other parties who executed it. We have no doubt that the Superior Court correctly overruled this objection. The bond was both joint and several, and it is very common to bring suits against one of several obligors on similar bonds to the judge of probate. The obligatory words of the bond are substantially the same in this case as in the case of *Carter* v. *Carter*, 2 Day, 442, in which it was held that the words "we bind ourselves and *each of us*, our executors and administrators, and *each of*

*them,*" imported an obligation imposed upon all and each of the obligors collectively and individually, and therefore was both a joint and several obligation, though the words "joint and several" were not used in it; and in *Taylor* v. *Mygatt,* 26 Conn., 184, and other cases cited by the plaintiff's counsel, only one of the obligors appears to have been sued upon bonds given to judges of probate.

But it is claimed that the bond was inadmissible, because it was not sufficiently described in the declaration; and the claim is, that, as this bond was in fact executed by five persons jointly as well as by each of them severally, when one of them is sued upon it as a several bond, the fact that it was executed by others also should be stated in order to identify the instrument in suit. The substance of the defendant's obligation, so far as it relates to the defendant severally, is alleged according to its legal effect, and we know of no rule of pleading that requires the plaintiff in an action of debt upon a bond to state all the contents of the instrument in order to identify it. The defendant having signed the instrument, and being aware of its contents, knew of his several liabilities upon it, and was not therefore taken by surprise. And this is all that need be said as to a variance between the bond as declared upon, and the instrument given in evidence. So long as the defendant's several obligation was correctly stated in the declaration there could of course be no variance between that statement and the instrument itself.

But the principal question in the case is as to whether the defendant could resist the plaintiff's claim by showing that Bussing, for whose benefit the suit was brought, was indebted to the testator in a larger sum than was allowed in his favor by the commissioners on the testator's estate, making him a debtor instead of a creditor, and we are clearly of opinion that the Superior Court decided correctly in holding that he could not. Non-payment of a debt allowed by commissioners on an estate represented to be insolvent, is of course a breach of the bond, and when the report of commissioners is returned to the court of probate, the only mode of disputing the justice of the claims allowed by them is to take an

appeal from their finding. If the facts stated in the notice are true, they might have constituted a good defense to the small claim presented to the commissioners on the testator's estate; and they ought to have been presented to that tribunal as an answer to any claim that the deceased was indebted to Bussing. But when the commissioners allow a claim against the estate, and report it to the court of probate as justly due, and the report remains unappealed from, it is too late to defend a suit upon the probate bond on the ground, either that it was unjustly or mistakenly allowed, or that it was paid before the report was made. *Weed* v. *Grant*, 30 Conn., 74.

We therefore do not advise a new trial.

In this opinion the other judges concurred.