## GEORGE F. BAILEY AND ANOTHER, EXECUTORS, *vs.* THOMAS BUSSING.

A joint judgment was rendered against the owners of a stage coach and the driver, for an injury caused by the negligence of the driver, and the judgment was paid by one of the owners. In an action brought by him against the driver for a contribution, it was held that the driver could not defend on the ground that he was not legally liable, in the original action, jointly with the owners.

Commissioners on an insolvent estate are a special tribunal to ascertain the debts against the estate, for the sole purpose of furnishing to the court of probate a rule for its guidance in the application of the assets to the payment of the debts. Their jurisdiction is limited to debts due from the estate, and to matters incidentally connected therewith, and their decisions affect only the debts in their relation to the estate itself.

It is the duty of executors and administrators, and it is the right of a creditor of the estate, to insist that a claim in favor of the estate shall be deducted from the claim presented, and the balance only, if any, be allowed. But if neither party asks it and the commissioners do not in fact pass upon the validity of the claim in favor of the estate, their allowance of the claim against it is no bar to the recovery of the former.

The commissioners allowed a claim against a solvent estate, settled as an insolvent estate. The court of probate decreed the payment of the claim in full. The executors refusing to pay, a suit was brought for the benefit of the claimant, in the name of the judge of probate, on the administration bond. The executors defended, and claimed the right to set off a claim in favor of the deceased. This court held, (*Olmstead* v. *Bailey*, 35 Conn., 584,) that the claim could not be set off, and the Superior Court rendered judgment accordingly. Held, that the judgment in that case was no bar to an action in favor of the executor to recover the claim due the estate.

ASSUMPSIT, brought to the Superior Court in Fairfield County, and tried on the general issue with notice, closed to the court, before *Minor, J.* The plaintiffs sued as executors of Aaron Turner. Judgment was rendered for the defendant and the plaintiffs moved for a new trial. The case is sufficiently stated in the opinion.

*Sanford,* with whom was *Taylor,* in support of the motion.

*Brewster,* with whom was *Averill,* contra.

CARPENTER, J. From the statement of facts in this case it appears that in 1852 Sylvanus Haight and wife recovered a joint judgment against the present plaintiff's testator, Turner, the present defendant, Bussing, and one Whitlock. The same year Turner paid, in full satisfaction of the judgment, the sum of thirteen hundred dollars. This action is brought to recover of the defendant his proportionate share of the sum so paid by way of contribution. The cause of action on which judgment was rendered in favor of Haight and wife was an injury received by the wife, in consequence of a collision with the stage coach owned by Turner and Whitlock and driven by Bussing. It is further found that Bussing was not interested as owner of the stage, but that his negligence as driver caused the injury. Turner's estate was settled as an insolvent estate, but was in fact solvent. The defendant presented a claim against the estate to the commissioners, amounting to $20.50. That claim was allowed by the commissioners, they and the executors believing that the demand in this suit could be set off against the claim. The commissioners were informed at the time of the existence of this demand, and of the intention of the plaintiffs so to use it; but the plaintiffs made no claim that the set-off should be then made, and the commissioners did not in fact pass upon the validity of the plaintiffs' claim. The court of probate decreed the payment of the claim allowed by the commissioners in full. A suit was brought on the probate bond against the present plaintiffs for the benefit of the present defendant,

alleging as a breach the non-payment of the claim allowed by the commissioners in his favor. The demand in the present suit was pleaded, by way of set-off, as a defense to that action. This court held, ( *Olmstead* v. *Bailey*, 35 Conn., 584,) that the set-off could not be allowed.

Upon these facts the defendant claimed in the court below:

1. That he was not liable jointly with Turner and Whitlock in the original action in favor of Haight and wife, and therefore that he was not liable in this action.

2. That the action of the commissioners on Turner's estate is conclusive against the validity of the plaintiffs' claim; and,

3. That the judgment of the Superior Court in *Olmstead* v. *Bailey* is conclusive against the plaintiffs.

The Superior Court sustained all these claims, and rendered judgment for the defendant. The case is now brought before this court for a revision of the questions of law thus raised and decided. They will be considered in their order.

1. This court expressly decided in 1859 that the defendant was liable in this action. *Bailey* v. *Bussing*, 28 Conn., 455. The liability of the defendant in the original action, and the legal effect of non-liability, if it existed, upon the present suit, are questions which were not made at that time, and are now open questions.

As we understand the law in this state, and the practice generally, we do not well see how a joint action can be maintained against a master and his servant for the negligence of the servant alone. Assuming that to be the law, (without expressly deciding the point,) it does not aid the defendant in this suit. The defendants in that suit submitted to a joint judgment, as it would seem, without raising the question. *Haight and wife* v. *Turner and others*, 21 Conn., 593. The claim now made is, not that the defendant was not liable at all, but that he was not liable jointly with the other defendants. If the facts were such as to excuse him from all liability to Haight and wife in any form of action, we are inclined to think that he should not be held liable in this action. But the facts are otherwise. It clearly appears

that his negligence caused the injury. He was therefore legally responsible for the consequences. Had the defendants insisted upon it, Haight and wife would undoubtedly have been put to their election, whether to take a judgment against the owners or the driver. *Duryee* v. *Hale*, 31 Conn., 217. In that case, had they so elected, judgment might have been rendered against the defendant for the full amount. In this event, unless the owners had in some way participated in causing the injury, the defendant would have had no remedy against them. Had judgment been rendered against the owners alone, then the question might have arisen whether they had any remedy against the driver, whose negligence caused the injury. We do not perceive that that question differs essentially from the question now before us. The only ground for a distinction is in the circumstance that, in the case before us, a joint judgment was rendered against all the parties, while it is otherwise in the case supposed. If there is any difference in the two cases, the case under consideration is less favorable to the defendant. Assuming a joint liability, it was expressly decided that the defendant was liable to contribution. It clearly appears that he was originally liable to a several, if not a joint, judgment. The objection now urged is purely a technical one. It has no foundation in substance, much less in principle. The form of the judgment against the parties cannot possibly vary their legal and equitable rights as between themselves.

2. We think also that the court erred in holding that the action of the commissioners, in allowing the defendant's claim against Turner's estate, precluded the plaintiffs from a recovery in this action. There is nothing in the recorded doings of the commissioners to indicate that this claim was before them for any purpose whatever. If we look to the facts, as established by oral testimony, it will appear not only that they did not pass upon the validity of this claim, but that they were not asked to do so by either party. They simply allowed a claim concerning which there was no dispute, in the *defendant's favor*. We are unable to discover any principle upon which we can give

this proceeding the force and effect of a valid judgment, binding and conclusive upon the parties, in respect to an independent claim *against* the defendants.

Commissioners on an insolvent estate are a special tribunal provided by law to ascertain the debts against the estate, for the sole and exclusive purpose of furnishing to the court of probate a rule for its guidance in the application of the assets of the estate to the payment of the debts. Their proceedings and decisions therefore can only affect the debt in its relation to the insolvent estate itself. *Loomis* v. *Eaton*, 32 Conn., 550. Aside from that they have no binding effect, either upon the debt or the parties. The allowance or disallowance of a claim has none of the characteristics of a judgment. The tribunal, although performing duties judicial in their character, is in no sense a court of general jurisdiction, but its jurisdiction is limited to debts against the estate and matters incidentally connected therewith, and that for the specific purpose above named. Parties appear before them in an informal manner, and all persons interested in the estate may be heard in respect to any claim that is presented. There is no process ; there are no pleadings ; no formal judgment is entered up, and no record kept of their proceedings, except their report returned to the court of probate, and there recorded or kept on file. And the record in this case fails to show that the precise matter now in dispute was directly put in issue and decided. It is true that it is the duty of commissioners to set off counter claims between the creditors and the deceased, and to report only the balance they find due. But it is equally true that it is the duty and the privilege, both of the claimants and the representatives of the estate, to insist upon its being done.

There is little danger that an innocent party, without fault, will suffer in consequence of the neglect of this duty.

Should an executor or administrator neglect to present a counter claim, he would thereby acquire no right to collect it in full of the claimant, and leave him to take up with a dividend on his claim.

On the other hand an insolvent claimant should not be

permitted to collect a portion of his claim by way of a dividend, and leave the estate without remedy in respect to a counter claim against him. Such a case will not be likely to arise except through negligence on the part of those who represent the estate. But we are embarrassed by no consideration of this character in the present case, as it is expressly found that Turner's estate was in fact solvent, and it does not appear that Bussing is unable to pay his debts. But if it did, that is a matter of which he had no occasion to complain.

We do not wish to be understood as approving the course taken by the plaintiffs in this case. On the contrary, we think they failed to do their duty, and that that failure, in a measure at least, was the cause of expensive and prolonged litigation. But we do not see in this a sufficient reason for exempting the defendant from the payment of a legal obligation, and subjecting the estate to the loss of a claim which is in itself just and reasonable.

3. In *Olmstead* v. *Bailey*, 35 Conn., 584, this court held that the demand now in suit could not be used, by way of set-off, as a defense to an action on the probate bond, brought in the name of the judge of probate for the benefit of the present defendant, to recover the amount allowed to him by the commissioners, which amount the court of probate had ordered the plaintiffs to pay in full. The defendant now claims that the judgment of the Superior Court, in pursuance of the advice of the Supreme Court, is a conclusive bar to the plaintiffs' right of recovery in this suit.

We do not so understand the decision in that case. The question decided was, not that the plaintiffs had no legal demand, but that, under the circumstances, they should not be permitted to set it off in that action. The opinion in that case proceeds upon the idea that the claim may be a valid one in itself, but that the plaintiffs, not having used it before the commissioners as they should have done, could not, after the allowance of the defendant's claim, and after the court of probate had ordered its payment in full, resist the payment of that claim in the manner proposed. In other words, the decision was, in effect, that the evidence offered in support

of the claim was not admissible in that action. The question in this case is, whether the facts established by the evidence show a good and subsisting cause of action. We are all of the opinion that they do, and that the court below erred in holding otherwise.

For these reasons we advise a new trial.

In this opinion the other judges concurred.