Crew, J.
The motion to require plaintiff to elect whether he would prosecute his action against the defendant, Edward S. Hatch, or against the defendant, The Central Construction *516 Company, was properly sustained by the court of common pleas. To maintain an action jointly against two or more defendants, whether such action rests upon contract or in tort, the plaintiff must allege and show a joint liability. If the action be in form ex delicto, to recover damages for the wrongful or negligent act of a servant or employe, to warrant the joinder of the master as a defendant in such action, the negligent act charged must be, either in fact or in legal intendment, the joint or concurrent act of the master and servant. In the present case no such act of negligence was shown or proved. The actionable negligence in this case, if any was shown, consisted of an act done by Hatch, a foreman of the Central Construction Company, while engaged in the prosecution and discharge of the company’s business and in the actual conduct and course of such business. At the time March received the injuries which resulted in his death, The Central Construction Company was engaged in constructing a bridge over the Maumee river at Grand Rapids, Ohio. Hatch, a foreman of said company, was superintending the work. The deceased, Raymond March, was an employe of said construction company, and was one of the workmen engaged on this work under the direction and control of Hatch, who rwas his foreman and superior. During the progress of the work, by reason of the alleged negligent act or acts, of Hatch, a rope which March was using to support himself while at work on said bridge, slipped or gave way, and March was thrown upon the rocks below, a distance of about fifty-five feet, receiving injuries from the fall which resulted in his death four days *517 later. The negligent or wrongful act complained of was the act of Hatch, and the construction company not having directed Hatch to perform this particular service, or to do the particular thing which it is claimed resulted in the injury to March, can not be said to have acted in concert with him in producing. such injury. Upon these facts, and under such circumstances, the construction company, if liable at all, is liable, not as a joint tort feasor, but under the doctrine of respondeat superior, and because the law makes it responsible for the acts of its servant done in the discharge or performance of its business. 'While the general rule perhaps is,' that master and servant are each severally liable for the wrongful and tortious act of the later committed in the course of the master’s business, it does not therefore follow that they are, or may be held, jointly responsible for the consequences of such act, or that a joint action can be maintained against them therefor by a person thereby injured. That the master can not be so joined as a defendant in an action against his servant, where the negligent act of the servant was neither committed in the presence of the master nor by his express direction, is held in the following cases: Parsons v. Winchell et al., 5 Cushing, 592; Seelen et al. v. Ryan & Co. et al., 2 C. S. R., 158; Warax v. Cincinnati, N. O. & T. P. Ry. Co. et al., 72 Fed. Rep., 637; Mulchey v. The Methodist Religious Society et al., 125 Mass., 487; Campbell v. Portland Sugar Co., 62 Maine, 552; Page v. Parker, 40 N. H., 47, and Bailey et al., Exrs., v. Bussing, 37 Conn., 349. But we need not iook for authority upon this proposition beyond the decisions of our own *518 supreme court. It is, and since the decision by this court of Clark v. Fry, 8 Ohio St., 358, has been, the settled rule and law in this state that a joint action can not.be maintained against master and servant, in any case where the master’s liability for the wrongful and negligent act of the servant arises solely and only from the legal relationship existing between them under the rule of respondeat superior, and not by reason, or because of, the master’s personal participation in such wrongful or negligent act. It is, however, suggested in argument by counsel for plaintiff in error that the misjoinder of parties defendant, if the fact of such misjoinder was to be relied upon in this case, should have been taken advantage of by demurrer in the court of common pleas, and it is claimed that the question not having been there raised by answer or demurrer, that defendants must be held to have waived their right to object on that ground, as well as any right they may have had to require plaintiff to elect whether he would prosecute his action against the defendant, Hatch, or against the defendant, The Contral Construction Company. The- answer to this is, that the fact of misjoinder does not affirmatively appear on the face, or from the allegations, of plaintiff’s petition, but such fact was, for the first time, disclosed by the evidence which was introduced on behalf of the plaintiff. The plaintiff having wholly failed by this evidence to establish or show a joint liability upon the part of the defendants for the wrongful and negligent act complained of, and it clearly appearing from the evidence offered that plaintiff’s cause of action, if any he had, against the defendants or either of *519 them, was a several and not a joint cause, of ac-' tion, the motion interposed by the defendant, Hatch, at the conclusion of the testimony, and after plaintiff had rested his case, asking that plaintiff be then required to elect against which of the defendants he would further proceed, was made in time, was well taken, and the same was therefore properly sustained, and an order was properly made by the court requiring the plaintiff to make such election. The plaintiff having refused to comply with or obey this order, the court under the authority of Subdivision 5 of Section 5314, Revised Statutes, properly dismissed the action without prejudice. Said section provides as follows: “An action may be dismissed without prejudice to a future action * * * 5. By the court for disobedience by the plaintiff of an order concerning the proceedings in the action.”
Finding no error in this record to the prejudice of the plaintiff in error, the judgment of the circuit court will be
' Affirmed.
Shauck, C. J., Price, .Summers, Spear and Davis, JJ., concur.