G-usweiler, J.
This cause is before the court on a demurrer to the plaintiff’s petition on the ground of misjoinder of parties defendant. The petition alleges, among other things, an assault and battery against plaintiff by the minor son of Victor T. Price, joining therewith an allegation of negligence of the father in that he failed to protect plaintiff from said assault, having previous knowledge of the reckless and bad character of his son.
There is no averment that the son’s tort was committed in the father’s presence nor by his expressed direction. We are of the opinion that unless the petition contains some averment indicating a direct, overt tort on the part of the father joining with the son, or under the father’s expressed direction promoting or encouraging the son’s tort, the action is not joinable. If the charge against the father indicates respondeat superior or agency liability, chargeable against the father for the son’s tort in any form, the actions must proceed by separate petitions. If the father by a preconcerted arrangement with the son had the *60 son to commit tbe tort, they would both be liable and could be charged in the same petition as joint tortfeasors, whether the relation was that of father and son or that of strangers. French v. Construction Co., 76 Ohio St., 509, citing: Clark v. Fry, 8 Ohio St., 358; Parsons v. Winchell, 59 Mass. (5 Cush.), 592; Seelen v. Ryan & Co., 2 C. S. C., 158; Warax v. Railway, 72 Fed., 637; Mulchey v. Methodist Rel. Soc., 125 Mass., 487; Campbell v. Sugar Co., 62 Me., 552; Page v. Parker, 40 N. H., 47; Bailey v. Bussing, 37 Conn., 349.
On the averments contained in the petition in the instant case, we are of the opinion that the demurrer is well taken. The plaintiff will be given leave to elect as to which of the two defendants plaintiff desires to proceed against, said election to be made within fifteen Mays, otherwise the petition will be dismissed without prejudice.