### HIRAM D. GREGORY, EXECUTOR vs. REBECCA BENEDICT.

Where a claim is presented to commissioners upon an insolvent estate, it is the right and duty of both the administrator or executor of the estate and the claimant to insist that a counter-claim in favor of the estate should be applied upon the claim presented; and neither party has a right to insist on a different course without the consent of the other.

Therefore, where upon a hearing before the commissioners upon an insolvent estate on a claim against the estate, the executor of the estate proposed that certain promissory notes of the claimant in favor of the estate, which were then before the commissioners, should not be considered by the commissioners, or applied upon the claim, in an action on the notes brought by the executor, it was held that in order to recover, the plaintiff must prove, in addition to the fact that the notes were not set off by the commissioners against the defendant's claim, that the omission to do so was with the consent of the defendant.

ASSUMPSIT by the plaintiff as executor of the will of Mary Stevens, upon promissory notes executed by the defendant to the testatrix; brought to the Superior Court. Facts found and reservation for advice.

Mary Stevens, late of Danbury, died on the 17th of December, 1866. Her estate was duly represented insolvent, and the plaintiff as her executor proceeded to settle it as an insolvent estate. The court of probate for the district of Danbury appointed commissioners on the estate, and limited six months for the presentation of claims. At the first meeting of the commissioners the defendant was present and presented a claim against the estate. At this meeting the plaintiff as such executor was also present, and the notes described in the declaration were also present before the commissioners, and admitted by the defendant to be good and valid notes against her. Neither the plaintiff nor defendant had counsel at the first meeting. At the second and last meeting of the commissioners both parties again appeared, the defendant without counsel, and the plaintiff with counsel, and then the plaintiff and his counsel proposed to the defendant that the notes should not be considered by the commissioners, nor be deducted from the claim of the defendant against the estate. The defendant did not understand

this proposition, nor assent to it, but claimed and insisted that the notes should be taken into consideration by the commissioners, and deducted from her claim against the estate, and the defendant supposed this had been done, until after the time fixed by law for appealing from the action of the commissioners had expired. Neither the plaintiff nor his counsel heard the claim of the defendant made to the commissioners, but supposed the proposition made by them to the defendant had been accepted by her.

The commissioners made their report to the court of probate, allowing as due to the defendant from the estate the sum of $727.70. Their report was duly accepted by the court of probate, and no appeal was ever taken therefrom.

The plaintiff introduced Francis Fairchild, the only survivor of the commissioners, as a witness to prove what was done and said by the parties, witnesses and counsel, before the commissioners, with reference to the notes, to the admission of which the defendant did not object; and, also further to prove that the commissioners did not take the notes into consideration, and did not pass upon them, and did not deduct them from the claim of the defendant, to which evidence the defendant objected. If this testimony was not admissible, then the court found that the notes in question were before the commissioners, and were passed on by them, and deducted from the claim of the defendant against the estate. If the testimony was admissible, then the court found as a fact from it that the notes were not passed upon by the commissioners, and were not deducted from the claim of the defendant against the estate, and that Fairchild did not hear the claim of the defendant that they should so pass upon and deduct the notes; that if he had heard it, as one of the commissioners he would have passed upon and deducted the notes accordingly. The estate was in fact solvent, and all the claims against it were paid in full.

*Booth* and *Sanford*, for the plaintiff.

---
---

*Averill* and *Brewster*, with whom was *Tweedy*, for the defendant.

CARPENTER, J. The defendant had a claim against the estate of Mary Stevens, deceased, amounting to over $2,000, which was duly presented to the commissioners on said estate. The plaintiff presented the notes now in suit to the commissioners at their first meeting, and the defendant admitted them to be valid and due. It was the duty and the privilege of both the executor and the claimant to insist that they should be applied to the claim presented. Neither party had a right to insist upon a different course without the consent, express or implied, of the other. It is incumbent therefore upon the plaintiff, who now seeks to recover the amount of these notes on the ground that they were not set off against the defendant's claim by the commissioners, to show the further fact that the omission to do so was consented to by the defendant. No such consent, express or implied, appears in the finding.

It does appear that at the second meeting of the commissioners the plaintiff and his counsel proposed to the defendant that the notes should not be deducted from her claim. But it as distinctly appears, not only that the defendant did not agree to the proposition, but that she insisted that the notes should be taken into consideration by the commissioners, and deducted from her claim. Not only so, but she supposed that it had been done, until after the time fixed by law for appealing from the action of the commissioners had expired. We cannot therefore sustain the plaintiff's claim, without holding, as matter of law, that either party may, not only without the consent, but contrary to the claim, and without the knowledge even, of the other party, withdraw from the consideration of the commissioners matters which are clearly within their jurisdiction, and which it is their duty to pass upon, and reserve them for future litigation. Such a doctrine once established would prove a fruitful source of litigation, and subject parties interested in the settlement of estates to needless vexation and annoyance.

But the court has further found upon the testimony of one of the commissioners (the other being dead) who testifies after the expiration of four years, that these notes were not deducted. Waiving the question as to the admissibility of this evidence, and taking the fact as found, it does not aid the plaintiff. The fact still remains that the unusual course pursued by the commissioners was without the knowledge, and against the consent, of the defendant. Moreover, there would seem to be a want of due care on the part of the plaintiff in allowing them to report the claim without deducting the notes, and without having it clearly understood by all concerned.. The course proposed by him was an unusual and extraordinary one. The motive which prompted it, and the good purpose to be accomplished by it, do not appear. It was his duty to see, either that the defendant consented to it, or that the commissioners did not do it.

There is undoubtedly a hardship in allowing the defendant to recover her full claim, and subjecting the estate to the loss of the notes ; but we cannot for that reason afford to establish an unsound and mischievous principle of law, as the evils resulting from a perversion of law will be much greater, in the aggregate, than any hardship existing in the present case. If the hardship is the result of the party's own want of care, he certainly has no reason to complain. If, however, as may be true, it is the result of a mistake or a misunderstanding, perhaps a court of equity or the court of probate may grant him relief. At all events we think the law is so that he is not entitled to recover in this action, and we advise judgment for the defendant.

In this opinion the other judges concurred.