GEORGE F. BAILEY AND ANOTHER, EXECUTORS, *vs.* THOMAS BUSSING.

Where a creditor presents a claim to commissioners upon an insolvent estate and the estate has a counter claim against him, such counter claim should be applied upon the claim presented, and only the balance, if any, allowed against the estate.

But the counter claim need not be considered by the commissioners where the parties interested consent to such a course.

And this consent need not be express, but may be implied by the conduct of the party.

Where a party had a small claim against an insolvent estate, which had a much larger claim against him, of which he was fully aware and had spoken with

the executors, and where he presented his claim to one of the commissioners when not in session, and did not attend at the meeting of the commissioners, at which meeting the executors were present and requested the commissioners to take no action upon the counter claim—it was held to be fairly inferable that he intended to leave the matter to the discretion of the commissioners and to acquiesce in any course they might decide to take with regard to it.

And held therefore that he could not avail himself of the action of the commissioners in allowing his claim, as a defense against a suit brought by the executors upon the original claim of the estate against him.

The decision in *Gregory* v. *Benedict*, 39 Conn. R., 22, explained.

ASSUMPSIT, brought to the Superior Court in Fairfield County, by the plaintiffs as executors of Aaron Turner, being the same case reported in 37 Conn. R., 349. The following facts were found by the court :—

The defendant is indebted to the plaintiff in the sum of $433.33, and interest from the 1st day of October, 1852, unless upon the following facts the defendant has a good defense against the plaintiffs' demand.

Mr. Turner died after the cause of action had accrued, and his estate was represented insolvent, though in fact solvent. Commissioners duly appointed made a report of claims allowed, which report was duly accepted, and among the claims allowed was one in favor of the defendant against the estate for $20.50.

The defendant did not personally, nor by counsel, appear before the commissioners; he handed his account to one of them when they were not in session. The estate was represented before the commissioners by Mr. Boughton alone, he being one of the executors. When the defendant's account came up for consideration, Mr. Boughton suggested to the commissioners that the estate had a large claim against Mr. Bussing, referring to this claim now in suit, but that he did not present the same as an offset to be acted on or adjudicated, and the same was not in fact before the commissioners or acted on by them. Mr. Boughton stated that he had no objection to the allowance of the defendant's account, and it was accordingly allowed.

The defendant was aware of the existence of the claim in suit, it having been the subject of conversation between him

and Mr. Boughton before and after the appointment of the commissioners; but the defendant gave no consent that it should not be brought forward and acted on, nor on the other hand did he request that it should be brought forward and acted on.

It also appeared that Mr. Boughton was not aware that the failure to present this claim to the commissioners as an offset to the defendant's account would put the claim in jeopardy; on the contrary, he supposed that the claim would remain valid, though on account of the pecuniary condition of the defendant he then regarded it as of no value.

On these facts the case was reserved for the advice of this court.

*Sanford*, for the plaintiffs, cited *Bailey* v. *Bussing*, 37 Conn., 349.

*Averill* and *Treat*, for the defendant, relied on *Gregory* v. *Benedict*, 39 Conn., 22.

CARPENTER, J. The facts presented by this record do not differ materially from the facts as they appeared in the same case when it was before us on a former occasion. 37 Conn., 349. The defendant supposes however that the case, as it now stands, should be decided in his favor upon the strength of *Gregory* v. *Benedict*, 39 Conn., 22, inasmuch as the court below has found that the defendant gave no consent that the claim in suit should not be brought forward and acted on by the commissioners. But we think the court must have intended by this merely to say that there was no express agreement to that effect; for it is found, in the same connection, that the defendant was aware of the existence of the claim, and did not request that it should be brought forward and acted on. The case stands thus: The defendant had a small claim against the estate, which he presented to the commissioners—thereby asking them to allow it in full—knowing at the same time that the estate had a claim for a much larger amount against him. He did not appear before the commissioners when his claim was acted on, and made no request

that the counter claim should be acted on, and, if valid, a set-off made, but allowed the commissioners and the executors to take such action as to them might seem expedient. The executors did not bring forward the claim in suit, and the commissioners did not in fact act upon it, but allowed the defendant's claim in full, which was paid accordingly. These facts are sufficient to satisfy us that there was an implied consent by the defendant to the action of the commissioners, and that he cannot avail himself of that action as a defense to this suit.

We advise the Superior Court to render judgment for the plaintiffs.

In this opinion the other judges concurred.