JAMES T. CAFFREY *vs.* HUGH M. ALCORN, ADMINISTRATOR, (ESTATE OF JOHN B. HALL).

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 5th—decided November 8th, 1932.

*Leonard O. Ryan,* for the appellant (plaintiff).

*Cornelius J. Danaher,* with whom, on the brief, was *Hugh M. Alcorn,* for the appellee (defendant).

HAINES, J.   The Court of Probate for the district of Meriden, in which the solvent estate of John B. Hall was in process of settlement, limited a period of six months from and after September 29th, 1930, for the presentation of claims against the estate.   The plaintiff presented his claim to the administrator in writing, November 10th, 1930, which the latter disallowed December 10th, 1930, and so notified the plaintiff.   Under the provisions of General Statutes, § 4918, appearing in the footnote, the plaintiff thereupon be-

Sec. 4918.   SUIT AGAINST SOLVENT ESTATE.   No suit by any creditor of any deceased person whose estate is in process of settlement as a solvent estate shall be commenced against any executor or administrator within the period allowed by the court for the presentation of claims against such estate, unless written notice of a total or partial disallowance of his claim shall have been given by the executor or administrator of such estate.   Unless such creditor shall commence a suit against such executor or administrator within four months after written notice shall have been given him by the executor or administrator that his claim is disallowed, wholly or in part, he shall be barred of his claim against such estate, except such part as shall have been allowed; but, if such creditor die within said four months and before suit brought as aforesaid, a period of four months from his death shall be allowed to his executor or administrator within which to commence such suit.

came entitled to begin suit upon his claim within four months from December 10th, 1930, i. e. before April 10th, 1931. The plaintiff did not bring suit within that period, and it is the contention of the defendant that the claim was thus forever barred by the provisions of that statute.

So far as this particular statute is concerned, that result would necessarily follow, since the statute explicitly so provides. It was enacted in 1817 and clearly intended to facilitate the early settlement of solvent estates by enabling the administrator to set in motion a four month's limitation by his notice of disallowance. *Robbins* v. *Coffing*, 52 Conn. 118, 143. As the language of the statute indicates, this procedure applied to solvent estates only. Before 1907 this was the usual statutory method for the determination of claims against such estates. General Statutes, Rev. 1902, Chap. 27, §§ 326-330. Where the estate was insolvent, however, a different procedure was provided. Claims against insolvent estate were to be passed upon by commissioners. General Statutes, Rev. 1902, Chap. 28, §§ 331-340. They determined the amounts due on all the claims and the aggregate sum due to claimants, thus ensuring a fair and equitable division of the assets of the estate pro rata among the creditors. *Nowell's Appeal*, 51 Conn. 107, 111; *First National Bank* v. *Hartford L. & A. Ins. Co.*, 45 Conn. 22, 39; *Bailey* v. *Bussing*, 37 Conn. 349, 353. There were, however, further statutory provisions which permitted a possibly solvent estate to be settled as an insolvent one when the Court of Probate deemed it "expedient." General Statutes, Rev. 1902, § 341.

The expedition and economy of settlement furnished by the action of commissioners, and perhaps the advantage of action by disinterested men having no bias for or against the estate, led to the practice of repre-

senting estates which were in fact solvent, to be insolvent, so as to obtain action by commissioners. This practice, however, was criticized by this court. *Bacon v. Thorp*, 27 Conn. 251, 262. It was held that every estate should be presumed solvent until fairly represented otherwise, and so soon as it came to the knowledge of the Court of Probate that an estate being settled as insolvent was in fact solvent, it must not be treated as insolvent, though so represented. *Tweedy v. Bennett*, 31 Conn. 276, 278; *Bacon v. Thorp, supra; Sacket v. Mead*, 1 Conn. 13, 17.

In 1907 the legislature, with the apparent purpose of extending the use of commissioners in passing upon claims, enacted a statute by which, when the administrator of a solvent estate disallowed a claim which had been duly presented, the claimant could apply to the Court of Probate for the appointment of commissioners and thus submit his claim for further consideration, and such appointment was in the discretion of that court. Public Acts, 1907, Chap. 169, now General Statutes, § 4920, appearing in the footnote.

A claimant who sought this method of relief, was required by the terms of the statute to make his application "within one month after notice of such disallowance or the expiration of the time limited for presenting claims." We read this as giving the claimant the alternative to make the application within one month after notice of the decision of the administrator, or one month after the expiration of the time for presenting claims to the administrator.

---

Sec. 4920. COMMISSIONERS ON SOLVENT ESTATES. When the executor or administrator of any estate of a deceased person shall disallow, in whole or in part, the claim of any creditor against such estate, which claim has been presented within the time limited for presenting claims against such estate, such creditor may, within one month after notice of such disallowance or the expiration of the time limited for presenting claims, apply to the court of probate for

In the present case the claimant received notice of the disallowance by the administrator December 10th, 1930, while the time limited for presenting claims expired March 29th, 1931. On the latter date suit had not been brought, but before the end of the month following, viz. on April 7th, 1931, he acted under the provisions of General Statutes, § 4920, and made application for the appointment of commissioners, and three days after the denial of his request on April 18th, 1931, he brought suit.

The defendant contends that the claim was nevertheless barred on March 29th, 1931, and that the claimant was not permitted to avail himself of the provisions of § 4920 because he says that statute only applies to cases "where the administrator has taken no action to disallow a claim during the time limited by the Court of Probate."

We are unable to find sufficient warrant for this contention. At first reading, these statutes may seem to contain inconsistent provisions, but they are readily reconciled if we recognize that the purpose of § 4920 was to obviate the often harsh result of an absolute bar under § 4918, by permitting the claimant to seek a further and different adjudication of his claim by asking for commissioners within one month after the expiration of the time limited under the administrator. This claimant was clearly within this requirement in

---

the appointment of commissioners to receive and decide upon such claims. The court may, in its discretion, grant such application, and commissioners so appointed shall have all the powers and duties concerning such claim appertaining to commissioners appointed under the provisions of sections 4922 and 4923. If such application for the appointment of commissioners be denied, the creditor may commence suit upon such claim in the manner provided by law within four months after the denial of such application. Any person aggrieved by the doings of such commissioners shall have the same right of appeal as provided by section 4993 in the case of commissioners on an insolvent estate.

making his application, and also within the further provision that where the application is denied, he may begin suit within four months after such denial.

The two statutes should be read together and any apparent conflict or inconsistency in their provisions reconciled if possible. We think the legislative purpose in re-enacting both statutes at the time of the Revision of 1930, was to ensure claimants a further privilege than that theretofore enjoyed under § 4918; and so considered, the two statutes are not in conflict and are both operative. In other words, where a disallowed claim under General Statutes, § 4918—the old procedure—would have been barred at the expiration, without suit, of the four months following disallowance, the later statute permits the claimant to seek further adjudication upon his claim through commissioners upon an application to the Court of Probate, and to bring suit within four months after that court has denied the application.

If the claim were held to have been absolutely barred March 29th, 1931, as the defendant contends, it would deny to the claimant the benefit of that provision of § 4920 then on the statute books. On the contrary, both statutes are to be given effect, and disallowed claims under § 4918 are to be absolutely barred as under the old procedure, only where the claimant makes no attempt under the provisions of § 4920, to obtain action by commissioners.

The defendant's motion for judgment upon the record, should have been denied.

There is error; the judgment is set aside and the case remanded to be proceeded with according to law.

In this opinion the other judges concurred.