## THE NEW HAVEN SAVINGS BANK $v$. JOHN A. WARNER, EXECUTOR (ESTATE OF CLIFFORD E. MINOR).

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued February 5—decided March 6, 1942.

*George W. Crawford* and *Joseph Weiner,* for the appellant (defendant).

*Frank E. Callahan,* with whom was *Frederick H. Wiggin,* for the appellee (plaintiff).

MALTBIE, C. J.   The plaintiff held a joint and several note for $125,000, one of the four makers of which was Clifford E. Minor.   The note was secured by a mortgage upon property then owned by the four makers.   Minor died and his estate is in settlement in the Probate Court as a solvent estate.   The note was presented to the executor as a claim against it.   The statement of the claim recited that the plaintiff presented it "expressly reserving all of its rights under and by virtue of said mortgage given by said Clifford E. Minor, Charles S. Longley, Eugene G. Allyn and Roy W. Foote to secure said note,   Exhibit A, and all of its rights as such mortgagee, to realize upon said security and to apply the same to the satisfaction of its claim and without waiving such rights, or any of them."   The executor disallowed the claim.   The plaintiff, proceeding under the provisions of § 4920 of the General Statutes, applied for the appointment of commissioners to hear and decide upon it.   The commissioners held a hearing, allowed the claim to the amount of the note with interest, and also found the value of the mortgage security.   The plaintiff appealed to the Superior Court upon the sole ground that the commissioners erred in determining the value of the security.   In the Superior Court there were various

interlocutory proceedings, which resulted in the case standing upon the jury docket for trial. The plaintiff finally made a motion that judgment be rendered in its favor on the pleadings. The trial court granted the motion, ruling that the commissioners exceeded their powers in valuing the security and that neither they nor the court were authorized to determine that issue; and judgment was entered accordingly. From that judgment the executor has appealed.

Section 4920 provides that when a claim against a solvent estate has been presented and disallowed the creditor may, within one month, apply to the Court of Probate for the appointment of commissioners to decide upon it, and if the court, in the exercise of its discretion, appoints commissioners they "shall have all the powers and duties concerning such claim appertaining to commissioners" appointed to pass upon claims against an insolvent estate. Section 4929 provides that if any creditor "having any security for his claim against an insolvent estate upon any property of such estate" shall present his claim to the commissioners upon it, they shall inquire into and report to the Probate Court the cash value of that security and, unless within fifteen days after notice has been given to the creditor he files with the court a certificate of his election to relinquish the security, "he shall be entitled to a dividend from such estate only upon the excess of his claim above the value of such security." The claim of the executor is that the provision in § 4920, that commissioners appointed to pass on a claim against a solvent estate shall have "all the powers and duties . . . appertaining to commissioners" upon an insolvent estate, requires that the commissioners appointed in this case should proceed under § 4929 to value the property mortgaged to the plaintiff.

In the amended statement of claim filed in the Superior Court, it is alleged that, while the mortgage was made by the four signers of the note, subsequently they conveyed the property covered by it to a corporation, that on the dissolution of the corporation it was conveyed to Eugene G. Allyn, one of the makers of the note, and that no part of it was property of the estate of Minor. The answer filed by the defendant admitted the conveyances but denied that the property mortgaged was not assets of the estate. The defendant's brief makes clear, however, that its claim is not that the estate had any legal interest in the property but that upon payment of the claim it would be subrogated to a right to enforce the mortgage on the property covered by it, and that this right constituted property of the estate. Granted that this be so, this would not make the security one "upon any property of the estate." Such right as the representative of the estate might have to enforce the mortgage by subrogation would not be in any sense security for the debt; he would take the place of the mortgagee and the security he was seeking to enforce would still be on property not a part of the estate. *Regan* v. *New York & New England R. R. Co.*, 60 Conn. 124, 142, 22 Atl. 503; *Paton* v. *Robinson*, 81 Conn. 547, 553, 71 Atl. 730; 3 Pomeroy, Equity Jurisprudence (4th Ed.), § 1211. Even if § 4929 were applicable to a claim filed against a solvent estate, the situation before us would not fall within its terms.

As far as the decision of the case before us is concerned, we would need to go no farther. However, the broader question whether commissioners appointed to decide upon a claim against a solvent estate should value any security upon property of the estate held by a creditor has been fully and carefully argued before us and, as it concerns a matter of probate procedure

likely to arise at any time, we shall consider it. The owner of a debt secured by a mortgage has the right to proceed against the debtor to collect the debt and to enforce the mortgage either contemporaneously or consecutively. If by the former process he secures full payment of the debt, his right to enforce the mortgage is gone; or if he secures payment in part, he can enforce the mortgage only so far as necessary to secure the payment of the balance. Should he first press the proceedings to enforce the security to an issue and appropriate the property, his debt is satisfied if its value equals or exceeds the amount of indebtedness owing, and if it is less than that amount his right to further recovery is limited to the deficiency. The extent of his recovery should not in any event, by whatever process effected, exceed the amount of his debt. *In re Waddell-Entz Co.*, 67 Conn. 324, 336, 35 Atl. 257; *Wagner* v. *Mutual Life Ins. Co.*, 88 Conn. 536, 546, 91 Atl. 1012; *Cion* v. *Schupack*, 102 Conn. 644, 648, 129 Atl. 854; *Pothier* v. *Reid Air Spring Co.*, 103 Conn. 380, 387, 130 Atl. 383. He can obtain more than the amount of his debt only where, in the absence of redemption, the value of the property appropriated exceeds the amount due him.

Where the debtor dies, the right of a secured creditor to proceed to collect the debt by presenting his claim against the estate and also to enforce his security would remain unimpaired unless it be affected by the statute we are considering. In case of an insolvent estate, if the creditor receives dividends based upon his entire debt and subsequently, by foreclosure proceedings, appropriates the property mortgaged, he would receive from the estate a value disproportionate to that received by other creditors; in fact he might realize a total amount which would exceed the debt owing to him; redemption of the security and its sub-

sequent sale by the representative of the estate might not be practicable and might often fail to realize the value of the property; and a sale of the equity of redemption would not be an available means of relief if the debt exceeded the value of the property and, if that value exceeded the debt, would rarely result in securing the true value of the property above the amount of the debt, as it might be reduced by dividends paid from the estate. The purpose of the statute was to place the secured debtor, if he did .not relinquish his security, in the same position as though he had realized upon it and was seeking to recover the balance of the debt above the value of the property from the general assets of the estate, thus placing him as regards that balance upon a parity with other creditors. *In re Waddell-Entz Co.*, supra. In the case of a solvent estate there is no such need for a provision of this kind. If the claim for the debt is just, it is the duty of the representative of the estate to pay it in full; he has the means to do so; and by the payment of it the security is at once freed of the incumbrance. The creditor will not receive more than his debt and, the estate being solvent, no other creditor will suffer. Should an estate which is being settled as solvent later be represented as insolvent, the commissioners appointed would, in passing upon the claim of a secured creditor which had been presented, give effect to § 4929. The application of the statute to solvent estates would serve little purpose.

There are two considerations strongly indicating that the legislature, in giving commissioners appointed to decide upon a claim against a solvent estate "the same powers and duties" as commissioners upon an insolvent estate, did not mean that they should act under § 4929. One is the very terms of the statute, which provide that the creditors shall be entitled to

receive "dividends" only upon the excess of the claim above the value of the security, a provision not at all adapted to claims against a solvent estate. The other consideration is that, had the legislature had it in mind to apply to the administration of solvent estates such a provision as that contained in § 4929, it is not reasonable to suppose that it would have done so by a provision restricted in its operation to those instances where commissioners were appointed to decide upon the claim of a secured·creditor and have left unaffected all other similar claims. The purpose of § 4920 was merely to provide a method by which a claim which had been disallowed by an executor or administrator might, if the creditor desired, be submitted for decision to commissioners, in the thought that by this speedier and more informal method of reaching a decision upon it resort to an action at law might be avoided. *Caffrey* v. *Alcorn,* 115 Conn. 605, 610, 162 Atl. 840. It is unlikely that as an incident to that purpose the legislature would intend substantially to alter the rights of parties seeking to avail themselves of the remedy.

While the literal interpretation of the provision that commissioners to decide upon a claim against a solvent estate should have all the "powers and duties" of commissioners upon an insolvent estate would include the valuation of the security of a creditor whose claim is before them, we cannot conceive, for reasons we have stated, that the legislature intended such a result. That being so, we are not required to give the words of the statute their literal meaning. "The search is for the intent of the lawmakers and when it is clearly ascertainable it prevails over the literal sense and precise letter of the statute." *Brown, State's Attorney, ex rel. Gray* v. *Quintilian,* 121 Conn. 300, 304, 184 Atl. 382; *Chambers* v. *Lowe,* 117 Conn. 624, 625, 169 Atl.

912; *Merchants Bank & Trust Co.* v. *Pettison,* 112 Conn. 652, 655, 153 Atl. 789. "The letter of a law is not in all cases a correct guide to the true sense of the lawmaker. Statutes general in their terms are frequently construed to admit implied exceptions." *Kelley* v. *Killourey,* 81 Conn. 320, 321, 70 Atl. 1031. "A thing within the letter of a statute may be unaffected by its provisions, if not within the intention of the makers, and if what was this intention sufficiently appears from the terms which they used, in connection with the conditions calling for such legislation." *National Fireproofing Co.* v. *Huntington,* 81 Conn. 632, 634, 71 Atl. 911. See *Reid* v. *United States,* 211 U. S. 529, 538, 29 Sup. Ct. 171. Section 4920 is procedural in its nature and the provision we are considering relates to methods of procedure rather than to any change in substantive rights. *Pettee* v. *Hartford-Connecticut Trust Co.,* 105 Conn. 595, 602, 136 Atl. 111.

The trial court was right in its ruling that it was not within the proper function of the commissioners, in deciding upon the claim of the plaintiff, to determine the value of the security it held.

There is no error.

In this opinion the other judges concurred.