MARGARET D. QUIGLEY v. BERTHA E. STANTON.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued December 9, 1943—decided January 13, 1944.

*Andrew D. Dawson,* for the appellant (defendant).

*Finton J. Phelan,* with whom, on the brief, was *Joseph J. Phelan,* for the appellee (plaintiff).

MALTBIE, C. J. This is an action of ejectment. Judgment was for the plaintiff for possession of the premises and damages, and the defendant has appealed. The defendant does not claim that the court erred in finding that the plaintiff has the right of possession of the land. The sole claims are that this action does not lie because no demand was made for possession by the plaintiff before it was brought and that the court erred in its award of damages.

The trial court concluded that before the action was brought there had been a written demand for possession made by a certain letter in evidence, and also an oral demand. We do not find it necessary to determine whether any demand of possession before action brought was essential in the situation before the court or, if so, whether the letter constituted such a demand. The finding as to the oral demand is that the plaintiff's husband, acting as her agent, told the defendant that the place had changed hands and that the plaintiff expected "some rent or something done about it," but the defendant "simply refused" to budge and said she would stay there and neither pay rent nor get off. The response of the defendant shows that she interpreted the demand to be one that she either pay rent or vacate the premises, and she stated her resolve to do neither. She is not, in view of her attitude at that time, in a position now to claim that a sufficient demand for possession had not been made. ". . . the law rarely, if ever, requires the observance of an idle formality, especially after the party for whose benefit the original stipulation was made, has rendered con-

formity thereto unnecessary and practically super-fluous." *Norwich & N. Y. Transportation Co.* v. *Western Massachusetts Ins. Co.,* 34 Conn. 561, 570; *Haskell* v. *Eagle Indemnity Co.,* 108 Conn. 652, 658, 144 Atl. 298.

The trial court concluded that the plaintiff was entitled to possession of the premises as of December 23, 1941, which was the date of the writ and, as damages for use and occupation, $25 a month for a period of sixteen and two-thirds months thereafter, that is, for the period between the date of the writ and the time when the court filed its memorandum of decision. Ejectment is a remedy at law. Swift, in the 1822 edition of his Digest, volume I, page 510, states that "though it be true that the jury cannot assess any damages for a matter, subsequent to the date of the writ, yet they may consider the loss of the profits, after the date of the writ, as a necessary consequence of the disseisin, and allow it as a part of the damages arising from the injury, in the same manner as interest is allowed upon a debt to the time of rendering judgment." In *Starr* v. *Pease,* 8 Conn. 541, 549, decided in 1831, the plaintiff cited to the court this passage from Swift in support of her claim to recover damages to the time of trial, but the court unanimously decided that it was "most consonant to principle," as it undoubtedly is, that damages should be given only to the time when the action is brought. The case of *Schleicher* v. *Schleicher,* 120 Conn. 528, 182 Atl. 162, is not to the contrary; that was an action brought by the plaintiff, after he had vacated the premises, to recover for improvements he had made to them while he occupied them; there was, and could be, no claim to recover for anything done after the action was brought; in the opinion, in discussing the right of the owner of the premises to set off against the claim for

improvements the rental value of the land while wrongfully occupied by the plaintiff, it was said (p. 535): "This right as an incident to an action of ejectment has long had statutory recognition in this State. General Statutes, § 5034." That statute provides for a recovery for improvements only when made "before the commencement of the action."

There is no error in so much of the judgment as found that the plaintiff was entitled to possession of the land, but there is error in so much of it as awarded damages to her for use and occupation by the defendant.

There is error in part, the judgment is set aside and the case is remanded with direction to enter judgment for the plaintiff for possession of the premises, but without any award of damages.

In this opinion the other judges concurred.