## HELEN R. DUCH, ADMX.
*vs.*
## STELLA A. ZAHABA

Superior Court      New London County      File No. 16167

MEMORANDUM FILED JUNE 19, 1945

*Andrew B. Davies*, of Norwich, for the Plaintiff.
*Charles W. Cassidy*, of Norwich, for the Defendant.

INGLIS, J. This is an appeal from the decree of a probate court appointing commissioners on a solvent estate.. The. reasons of appeal against which this demurrer is directed allege that originally,. upon the application of the defendant whose claim against the estate of the plaintiff's decedent had been disallowed, the probate court had appointed two commissioners. These two commissioners had reported that they could not agree. Thereupon the probate court, upon the application of the defendant, had reappointed the two former commissioners and a third commissioner. The reasons of appeal head up into the allegation that the court erred in making this last appointment and the demurrer raises the issue as to whether the court did so err.

The statute which authorizes the appointment of commissioners on solvent estates is section 4920 of the General Statutes, Revision of 1930. This section in itself makes no provision for the contingency of a disagreement between the commissioners. However, another section of the General Statutes, section 4931, reads as follows: "If there shall be two commissioners and they shall not agree upon the allowance or rejection of any particular claim, the court of probate, after public notice and due hearing, shall appoint a third commissioner to act with them, and the report signed by a majority of the commissioners and returned shall be a sufficient report."

It is true, as pointed out by the plaintiff, that this latter section is in the chapter of the General Statutes which is entitled "Claims Against Insolvent Estates," whereas section 4920 is in the preceding chapter entitled "Claims Against Solvent Estates." However, both sections were reenacted together in the 1930 Revision, are coexistent and must be read together. Section 4931 is not in its terms limited in its application to insolvent estates alone. It is clear that the Legislature in enacting section 4920, originally in 1907, intended to give to claimants against solvent estates whose claims had been disallowed the same sort of remedy so far as having their claims passed upon

by commissioners as creditors of insolvent estates had formerly had. It was the legislative intent to set up the same sort of procedure as to commissioners on solvent estates as had been set up with reference to commissioners on insolvent estates, except, of course, in so far as the latter procedure was expressly limited by the statutes to insolvent estates or in so far as it was not applicable to solvent estates. Cf. *New Haven Savings Bank vs. Warner*, 128 Conn. 662.

If that was the legislative intent it is hardly conceivable that the Legislature could have intended that the remedy through commissioners on solvent estates could be stymied by the mere failure of the two commissioners originally appointed to agree upon their report. It must be that the Legislature intended that upon such failure the probate court should appoint a third in a solvent estate just as it would in an insolvent estate. In other words, it must have intended that, even though it were in a different chapter of the General Statutes, section 4931 should be treated as supplementing section 4920. If it had not so intended it would have been easy enough for it to make section 4931 in terms apply only to insolvent estates as it has made certain other sections which are to be found in the same chapter. It did not do so. On the whole, therefore, there can be no question but that the Legislature did intend that the probate court should appoint successor commissioners in solvent estates in just the same manner as it does in insolvent estates.

For the foregoing reasons the demurrer is sustained.