The Connecticut Bank and Trust Company et al.,
Executors (Estate of Naaman Cohen)
v. Joseph D. Rivkin

Baldwin, C. J., King, Murphy, Shea and Alcorn, Js.

Argued May 14—decided June 11, 1963

*Robert C. Danaher,* for the appellant (defend-
ant).

*Robert N. Shea,* with whom was *Robert L. Brooks,* for the appellees (plaintiffs).

KING, J. The defendant herein, Joseph D. Rivkin, although not himself a lawyer, occupied space in the law offices of the plaintiffs' testator, Naaman Cohen. Under an arrangement which had existed for over ten years, the decedent had loaned money to Rivkin, Rivkin had rendered services to the decedent, and a running account of the transactions had been kept by the decedent. Commissioners were appointed on the estate of the decedent, which was fully solvent, under § 45-211 of the General Statutes, to act on a claim for $31,200 which Rivkin had presented against the estate and which the executors had disallowed. A hearing was held by the commissioners during which Rivkin was examined on the items of the running account, and it was agreed by counsel for both sides, on the conclusion of the testimony, that a letter could be sent the commissioners expressing a general statement of the figures and dates shown in the decedent's checkbooks covering the running account. Such a letter was subsequently sent the commissioners by Rivkin. At no time did Rivkin object to the presentation before the commissioners of the estate's claimed setoff against him which was evidenced by an outstanding balance against him in the running account.

The commissioners awarded Rivkin $7800 and reported to the Probate Court that they allowed that sum. The court accepted the report. Neither party appealed from the decision of the commissioners. The plaintiffs do not question that Rivkin is entitled to have $7800 allowed on his claim against the estate. In the present action, they sought to recover

from Rivkin the estate's claim against him in the approximate amount of $3600. This is the amount which the plaintiffs had claimed before the commissioners as the sum Rivkin owed the estate.

The fundamental claim of Rivkin, as alleged in the special defense of his answer, is that, since no appeal was taken by either party, the commissioners' award to him of $7800 operates as a legal bar to the recovery in this action of any claim of the estate against him. From a judgment in favor of the plaintiffs in the amount of $3606.43, the defendant has taken this appeal.

We assume, without so deciding, that the parties are correct in treating the controlling law of this case as the same as it would have been had the commissioners been appointed on an estate represented as insolvent under § 45-226 and chapter 789 of the General Statutes.[1] See *Caffrey* v. *Alcorn*, 115 Conn. 605, 607, 162 A. 840; 2 Locke & Kohn, Conn. Probate Practice § 521.

In the case of commissioners on insolvent estates, it is the right and duty, both of the claimant and of the administrator or executor, to insist that a setoff in favor of the estate against the claimant be brought to the attention of the commissioners and be applied against the claim presented; neither party has a right to require a different course without the consent of the other. *Gregory* v. *Benedict*, 39 Conn. 22, 24. Where the commissioners do not take into consideration the setoff of the estate against the claimant but allow the claimant the full

---

[1] That in some situations a difference exists between the powers and duties of commissioners appointed, as was the case here, on a solvent estate under § 45-211 and those appointed on an estate which is being settled as an insolvent estate is pointed out in cases such as *New Haven Savings Bank* v. *Warner*, 128 Conn. 662, 667, 25 A.2d 50.

amount of his claim, no subsequent action at law for the recovery of the estate's claim against him can be successfully maintained unless he has consented to such a course of procedure. Ibid. The reason for this rule is especially apparent in the case of an estate which is in fact insolvent, since if the rule did not apply so as to bar a subsequent action on behalf of the estate, the claimant could recover only whatever percentage of his own claim, as allowed by the commissioners, the insolvent estate could pay, although he would remain liable to pay the insolvent estate the full amount of its claim against him. *Bailey* v. *Bussing,* 37 Conn. 349, 353; 2 Locke & Kohn, op. cit. § 516, p. 586.

Consent to the failure of commissioners to take into account a counterclaim of an estate need not be express. It may be implied. *Bailey* v. *Bussing,* 41 Conn. 73, 75. It is clear that the crux of this case is whether or not the court below correctly concluded that Rivkin consented to the course pursued by the commissioners. It is true that it was the duty of the commissioners, when, as here, the estate's setoff against Rivkin was litigated before them, to consider it, unless both parties consented to their failure so to do. *Bailey* v. *Bussing,* 37 Conn. 349, 353. But if Rivkin consented to this action on the part of the commissioners, he cannot, in the present action, take advantage of their failure to consider the setoff, especially where, as here, the estate is solvent and he shows no harm to himself from the course pursued. Id., 354.

Two of the three commissioners, both of whom were lawyers, announced to the parties that they would not consider the setoff. Both sides were represented before the commissioners by counsel; yet neither side demurred to the announcement,

protested it, or attempted to insist that the commissioners should pursue any other course. See *Bailey* v. *Bussing,* 37 Conn. 349, 350, 352. Counsel for Rivkin stated that the estate's claim should be considered an asset of the estate. Furthermore, in a paragraph of the special defense of the answer in this very case, Rivkin alleged that "[t]he Commissioners advised the parties that they would not consider the claim in the amount of $3,606.48 presented by the plaintiffs against the defendant." Subsequently, by amendment, this allegation was stricken. It remained in the case, however, as a superseded pleading. Although the preferable course would have been for the plaintiffs to have asked the court to take judicial notice of it, under our rule as explained in *Nichols* v. *Nichols,* 126 Conn. 614, 620, 13 A.2d 591, the court was well within its rights, under the facts here, in itself taking judicial notice of the superseded pleading and treating it as an admission. *Guerriero* v. *Galasso,* 144 Conn. 600, 605, 136 A.2d 497.

In the face of the announcement of the commissioners, the failure to question it, and Rivkin's superseded pleading in this very action, any claim that Rivkin did not understand that the award of $7800 was made without regard to the setoff could properly be discredited, as it was, by the court. Upon the foregoing facts, the court could properly conclude that Rivkin, by implication at least, consented to the course taken by the commissioners in not considering the estate's claim against him.

There is no error.

In this opinion the other judges concurred.