PARK CONSTRUCTION COMPANY *v.* VIOLET F. KNAPP, EXECUTRIX (ESTATE OF C. STANLEY KNAPP)

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, JS.

Argued May 8—decided June 11, 1963

*Robert E. Connolley,* for the appellant (plaintiff).

*James A. Dougherty,* with whom was *John J. Maher,* for the appellee (defendant).

ALCORN, J. On November 30, 1961, the Court of Probate for the district of Greenwich, in which the estate of the defendant's decedent was in process of settlement, entered an order approving and allowing the executrix' final account. The plaintiff, claiming to be a creditor of the estate, appealed from the order to the Superior Court on December 27, 1961. The executrix appeared specially in the Superior Court and filed a plea in abatement, claiming that the service of the appeal was defective. The court overruled the plea in abatement without giving the reasons for its action. Thereafter, the executrix filed a motion to erase the appeal, claiming that the plaintiff had no interest in the estate which entitled it to maintain the appeal. The motion asserted, in substance, that the plaintiff is not a creditor of the estate because it presented a claim against the estate which the executrix disallowed, following which it failed, within four months, to bring any action to enforce the claim, with the result that the claim is barred. General Statutes §§ 45-210, 45-213. The plaintiff then filed an answer to the motion to erase which is without significance because this is a procedure foreign to our practice. The trial court heard the motion and concluded that the plaintiff's interest in the estate arose, if at all, from the claim presented to the executrix and disallowed by her and that, since the plaintiff did not bring suit within four months after the disallowance, as provided by General Statutes § 45-213, its claim is barred, and therefore it is not a person aggrieved and is not entitled to appeal under General Statutes § 45-288. Judgment was rendered erasing the appeal, and the plaintiff appeals from that judgment on the ground that the court erred in granting the motion "after another judge of the

court had denied a plea in abatement" and in concluding that the plaintiff is not an aggrieved person.

The claim that the court erred in passing on the motion to erase after another judge had overruled a plea in abatement merits no extended discussion. As already indicated, the plea and the motion were based on different grounds. The plaintiff, however, points to the portion of General Statutes § 52-91 which provides that "[i]f the defendant desires to plead to the jurisdiction or in abatement, or both, he shall take such exceptions in one plea." The intent of the statute is that matters in abatement and objections to jurisdiction should both be raised by a plea in abatement. It has been our established practice, however, to prefer a motion to erase over a plea in abatement where lack of jurisdiction appears on the record. *Felletter* v. *Thompson,* 133 Conn. 277, 279, 50 A.2d 81. We have pointed out, in the *Felletter* case, supra, 280, the reasons for drawing a distinction between a plea in abatement and a motion to erase and the proper function to be served by each. We have, only recently, affirmed the proposition that the plea in abatement under § 52-91 has not displaced the motion to erase and that, in cases in which the lack of jurisdiction relied on is apparent on the face of the record, a motion to erase is the proper procedure. *Village Creek Homeowners Assn.* v. *Public Utilities Commission,* 148 Conn. 336, 339, 170 A.2d 732.

The motion to erase reaches only defects appearing on the face of the record. *Smith* v. *Smith,* 150 Conn. 15, 23, 183 A.2d 848; *Brown* v. *Cato,* 147 Conn. 418, 419, 162 A.2d 175; *Pearson* v. *Bridgeport Hydraulic Co.,* 141 Conn. 646, 648, 109 A.2d 260. The motion, under our practice, serves the same

purpose as a demurrer. It admits all well-pleaded facts, invokes the existing record and must be decided on the record alone. *Fairfield Lumber & Supply Co.* v. *Herman,* 139 Conn. 141, 144, 90 A.2d 884; *Reilly* v. *Antonio Pepe Co.,* 108 Conn. 436, 443, 143 A. 568. Unlike the sustaining of a demurrer to a pleading, however, the sustaining of a motion to erase is a final judgment. *Ragali* v. *Holmes,* 111 Conn. 663, 664, 151 A. 190; *Reilly* v. *Antonio Pepe Co.,* supra.

The correctness of the trial court's ruling on the motion in this case must depend therefore on the facts appearing in the appeal and the reasons of appeal which, for purposes of the motion, are to be taken as admitted. An examination of the record which was before the trial court indicates that the plaintiff had alleged that it was a creditor of the estate and that it had filed timely proof of its claim with the executrix. It alleged further that the estate was, in fact, insolvent but that no commissioners were appointed to pass on the claim, and that, instead, the executrix had advanced money to the estate in order to give it the appearance of solvency and thereupon had presumed and purported to reject the claim. The plaintiff further alleged that the executrix wrongfully created, on her accounting, the appearance of a basis for asserting that the Statute of Limitations had barred the plaintiff's claim and that the Court of Probate had approved and allowed this procedure over the plaintiff's objection, with the result that the plaintiff's claim remained wholly unpaid. It alleged further the discovery of additional assets, which had been improperly and illegally applied by the executrix to her own use and which should properly be applied to the payment of the plaintiff's claim.

General Statutes § 45-288 permits an appeal to the Superior Court from an order, denial or decree of the Court of Probate by "[a]ny person aggrieved" by the action appealed from, and § 45-293 requires that in each such appeal "the interest of the appellant shall be stated in the motion for appeal, unless such interest appears on the face of the proceedings and records of . . . [the] court of probate." These statutory provisions required the plaintiff, as a matter of procedure, to state in its appeal the interest which it claimed had been adversely affected, so that the question of aggrievement could be determined therefrom on the basis of whether a possibility, as distinguished from a certainty, existed that some legally protected interest which the plaintiff had in the estate had been adversely affected by the order or decree appealed from. *Williams* v. *Houck,* 143 Conn. 433, 438, 123 A.2d 177. The only issue before the trial court was whether the allegations showed the plaintiff to be an aggrieved person so as to be entitled to litigate the factual questions involved.

If the Probate Court appoints commissioners upon a representation of insolvency, claims against the estate are to be passed upon by the commissioners. General Statutes §§ 45-214, 45-215, 45-218. On the other hand, § 45-210 governs the procedure for the enforcement of claims against a solvent estate, including action by the executor or administrator in allowing or disallowing the claim wholly or in part and, in the event of a disallowance, suit by the claimant within the time limited by the statute. A third procedure, not claimed to have been involved here, is provided in § 45-211, by which commissioners may be appointed to pass upon claims against a solvent estate. The underlying purpose

and effect of the three methods of procedure is fully explained in *Caffrey* v. *Alcorn,* 115 Conn. 605, 162 A. 840.

The record before the trial court presented a state of facts, admitted for purposes of the motion, showing in substance that the plaintiff, a creditor, had duly filed a claim against an estate which was in fact insolvent but which had been wrongfully settled as solvent, with no opportunity offered for the determination of the plaintiff's claim by commissioners and without payment of the claim although assets were available with which to pay the claim, at least in part. On that admitted allegation of facts, the plaintiff brought itself within the category of a person aggrieved under § 45-288, and the court should have denied the motion to erase.

There is error, the judgment is set aside and the case is remanded with direction to deny the motion to erase and then proceed according to law.

In this opinion the other judges concurred.