This is an action for breach of a written contract wherein the defendant promised to perform certain construction work on a cottage *Page 616 
owned by the plaintiffs on Noyack Road in Southampton, New York. In their amended complaint the plaintiffs, who are husband and wife, alleged, among other things, that the defendant left the job and refused to complete the work within a reasonable time. The plaintiffs further alleged that as a result thereof, they suffered a loss of rental income on said cottage for the entire months of June, July, August and part of September, 1973, in the amount of $3500. In his answer to the amended complaint, the defendant denied this loss of rental income. The defendant also claimed, by way of a special defense, that "the plaintiffs failed and neglected to have materials present at the site of the work" thus making performance by the defendant impossible.
During the trial of this matter, the defendant requested the trial judge to take judicial notice of Mirto v. Berfield, Court of Common Pleas, Hartford County, No. 7-73821528. The trial judge granted this request. In Mirto v. Berfield the plaintiff wife in this action obtained judgment against another contractor for failure to complete construction on the same property. One of the claims of damage there was the loss of rental income for the summer of 1973 of $3000. In that action, which also included other claims of damage, judgment of $5000 was recovered. The plaintiffs on appeal claim that the trial court erred in taking judicial notice of the earlier action because a prior `judgment was not pleaded by the defendant as a special defense. We disagree.
"There is no question . . . as to the court's power, in a proper case, to take judicial notice of the file in another case in the same court, whether or not between the same parties. Davis v. Maislen, 116 Conn. 375, 384, 165 A. 451; McCleave v. John J. Flanagan Co., 115 Conn. 36, 38, 160 A. 305." *Page 617 
Guerriero v. Galasso, 144 Conn. 600, 605, 136 A.2d 497
(1957). This principle of law was reaffirmed in Karp v. Urban Redevelopment Commission, 162 Conn. 525,527, 294 A.2d 633 (1972). The court may take judicial notice on its own initiative or on request by a party. Connecticut Bank Trust Co. v. Rivkin, 150 Conn. 618, 622, 192 A.2d 539
(1963). "The trial court may take judicial notice of all papers forming a part of the file of the case and use them for any purpose; German v. German, 125 Conn. 84, 89, 3 A.2d 849. . . ." Nichols v. Nichols, 126 Conn. 614,620-21, 13 A.2d 591 (1940).
It is clear from the memorandum of decision that the trial court took judicial notice of the file in Mirto v. Berfield only for the purpose of ascertaining that the plaintiff wife had made a claim inconsistent with the claim asserted in this case and also directly contradictory to her testimony at this trial. See Wright v. Blakeslee,102 Conn. 162, 166-67, 128 A. 113 (1925). "Statements inconsistent with the claim of a party in the action of trial may be admissible as admissions even though they are contained in pleadings not involved in the immediate trial." Bartolotta v. Calvo, 112 Conn. 385, 395,152 A. 306 (1930). In this matter, the plaintiffs, husband and wife, claim that the loss of summer rental income was caused by the defendant's breach of contract. On the other hand, in Mirto v. Berfield, the plaintiff wife claimed that the loss of the same rental income was due to Berfield's breach of contract. The trial court found an inconsistent claim previously adjudicated on the issue of rental loss. The complaint in Mirto v. Berfield can be judicially noticed as a judicial admission by pleading on the issue of proximate cause of the same rental loss which is inconsistent with the claim of the plaintiffs in this trial. See Schenck v. Pelkey, 176 Conn. 245,248, 405 A.2d 665 (1978). During the trial of this *Page 618 
matter, the plaintiff wife testified that she did not think she had made a claim against anyone else for the loss of rent. In view of Mirto v. Berfield, her credibility was placed in issue. "The trier is the judge of the credibility of witnesses." Brockett v. Jensen, 154 Conn. 328, 330, 225 A.2d 190 (1966). It is the right of the trial court, in the exercise of its discretion, to take judicial notice of the file from another case. McCleave v. John J. Flanagan Co., supra, 38-39. The trial court did not abuse its discretion in taking judicial notice of the file in Mirto v. Berfield.
The plaintiffs claim that the issue of prior judgment should have been pleaded as a special defense. We disagree. The court did not rely upon the judgment rendered in Mirto v. Berfield but only upon the inconsistent allegations of the complaint as an admission against interest and as affecting the credibility of one of the plaintiffs. The answer is the proper pleading to deny an allegation of fact, such as the loss of rental income as alleged in the amended complaint. "The defendant in his answer shall specially deny such allegations of the complaint as he intends to controvert . . . ." Practice Book, 1978, 160. This is exactly what the defendant did. He denied that the loss of rental income was caused by the alleged breach of contract. Thus, the defendant, by his denial, can contradict this alleged claim by proof of facts inconsistent with it.
 There is no error.
In this opinion SHEA and BIELUCH, Js., concurred.