DEFOREST INDUSTRIES, INC. *v.*
MICHAEL GAETANO ET AL.

APPELLATE SESSION OF THE SUPERIOR COURT

FILE NO. 1288

Argued December 14, 1982—decided March 18, 1983

*Joseph D. Garrison,* for the appellants-appellees (defendants).

*Bruce L. Levin,* for the appellee-appellant (plaintiff).

CIOFFI, J. The plaintiff instituted this action for the recovery of a real estate commission and reasonable legal fees allegedly due pursuant to a listing agreement. The trial court found for the plaintiff and awarded damages in the amount of $6120[1] but denied recovery of legal fees. From this judgment the defendants have appealed. The plaintiff has filed a cross appeal from the denial of its claim for legal fees.

The relevant facts are as follows: On July 1, 1978, the plaintiff, DeForest Industries, Inc., and the defendants Michael Gaetano and Carol Gaetano entered into an exclusive listing agreement. The term of the agreement was from July 1, 1978 to September 1, 1978. Paragraph ten of the agreement provided for an extension of the term. It reads as follows: "If at the expiration of this agreement no transaction has been effected, the Agent shall at such time furnish to the Owner in writing, by registered or certified mail, return

---

[1] The amount of the award was based upon the commission schedule set forth in the listing agreement.

receipt requested, a list of prospects with whom the Agent theretofore negotiated in offering the property. If within one hundred twenty (120) days thereafter, the property or any interest therein is sold, leased or exchanged to any such prospect, the Agent shall be paid a commission as set forth . . . above."

By a letter dated July 1, 1978, Gary Bellard, a licensed broker employed by the plaintiff, formally registered with the defendants the WAWA Food Market chain (hereinafter WAWA) as a potential customer. There is no indication that this letter was sent by registered or certified mail. Bellard arranged for a meeting between WAWA and the defendants. The meeting took place on July 6, 1978. The subject of this meeting was the proposed sale or lease of the subject property. Subsequently, during the months of July and August, Bellard had several follow-up discussions with the defendants concerning WAWA and several conversations with WAWA concerning its leasing or purchasing of the property. On September 1, 1978, the last day of the initial term of the listing agreement, in order to analyze the financial condition of WAWA, Bellard ordered a Dunn and Bradstreet report. Bellard continued to perform similar activities at least to the latter part of September, 1978.

Eventually WAWA and the defendants entered into a lease. The trial court found that this lease was executed on November 30, 1978, within the 120-day extension period, and therefore, the plaintiff was entitled to a commission. This finding was based upon the court's taking judicial notice of the original answer to the complaint which admitted that the execution of the lease occurred on November 30, 1978. The court also found that the defendants, by their conduct, waived any time limitation contained in the listing agreement and were thereby equitably estopped from defeating the plaintiff's right to a commission. The court therefore concluded that the plaintiff was entitled to a commission.

The defendants have raised three claims of error. First, they claim that since the plaintiff admittedly did not "furnish to the [defendants] in writing by registered mail, return receipt requested, a list of prospects," there was no basis for extending the agreement beyond its original term. That being the case, the defendants further argue that there was therefore, no written listing agreement pursuant to which the plaintiff's services were performed, in violation of General Statutes § 20-325a (b).[2] Second, the defendants claim that the trial court erred in finding that the defendants waived their right to the plaintiff's compliance with the terms of § 20-325a (b) and the listing agreement. Third, the defendants claim that the trial court erred in finding that a lease was executed within the 120-day extension period.

As to the defendants' first claim of error, they do not allege that the agreement per se violated § 20-325a (b). Instead, they argue that by not giving the defendants a list of prospects by registered or certified mail at the expiration of the agreement, the plaintiff failed to invoke the 120-day extension period. The defendants argue that the agreement thereby expired as of September 1, 1978, and, therefore, did not exist at the time the lease was executed. We do not agree.

The purpose of a notice requirement such as that contained in the extension clause of this listing agreement is to make an owner of property aware of the parties with whom the real estate broker has been dealing.

---

[2] General Statutes § 20-325a (b) provides: "No person, licensed under the provisions of this chapter, shall commence or bring any action in respect to any acts done or services rendered after October 1, 1979, as set forth in subsection (a), unless such acts or services were rendered pursuant to a contract or authorization from the person for whom such acts were done or services rendered. To satisfy the requirements of this subsection any such contract or authorization shall (1) be in writing, (2) contain the names and addresses of all the parties thereto, (3) show the date on which such contract was entered into or such authorization given, (4) contain the conditions of such contract or authorization and (5) be signed by the parties thereto."

Being aware of this, an owner of property will not unknowingly enter into a transaction wherein an unexpected claim for a commission will be asserted by a real estate broker.

Normally, in order to claim the benefit of such an extension clause, a broker is required to adhere strictly to the notice provisions of the clause. In cases where an owner of property has actual knowledge that the party with whom he is dealing was actively solicited by the broker, however, the courts have generally held that a broker is entitled to a commission even though the broker did not adhere to the formal requirements of the notice provisions in an extension clause. See note, 51 A.L.R.3d 1149. This case falls into the latter category.

There is no question that the plaintiff, in writing, formally registered WAWA as a prospective purchaser with the defendants, albeit not by registered or certified mail. Further, the evidence is uncontroverted that the plaintiff, with the knowledge of the defendants, actively pursued WAWA as a prospective lessee until September 1, 1978. Under those circumstances, to hold that the extension clause did not become operative because the plaintiff failed on September 1, 1978 to notify the defendants by registered or certified mail that WAWA was a prospect with whom the plaintiff had "theretofore negotiated" would be placing the form of the notice above its substance. " '[T]he law rarely, if ever, requires the observance of an idle formality, especially after the party for whose benefit the original stipulation was made, has rendered conformity thereto unnecessary and practically superfluous.' " *Quigley* v. *Stanton,* 130 Conn. 491, 492–93, 35 A.2d 848 (1944). Accordingly, we hold that the extension clause of the listing agreement became operative and the agreement, in so far as it pertained to WAWA, was extended for 120 days. Our holding as to this claim dispenses with

the need to discuss the defendants' second claim of error regarding the finding of "waiver" by the trial court.

The final claim pertaining to whether the plaintiff was entitled to a commission deals with the court's factual conclusion that a lease between WAWA and the defendants was executed on November 30, 1978. At the trial, the court was made aware of the fact that a superseded answer of the defendants admitted that the defendants and WAWA executed a lease on November 30, 1978. The trial court treated this pleading as an admission and found that the lease between the defendants and WAWA was executed within the extension period.

In this state it is well settled that a trial court may take judicial notice of a superseded pleading and base a finding of fact upon such a pleading. This is so, under appropriate circumstances, even if there was no request to take judicial notice of the superseded pleading during the course of the trial. *Connecticut Bank & Trust Co.* v. *Rivkin,* 150 Conn. 618, 622, 192 A.2d 539 (1963). In the present case, although the plaintiff's attorney did not formally request that the court take judicial notice of the pleading, the transcript reveals that during the course of the trial, he did call the court's attention to the pleading. Under those circumstances, we hold that the court acted properly in taking judicial notice of the superseded answer. It was entitled to treat the pleading as an admission and to base a finding of fact upon the pleading. *Connecticut Bank & Trust Co.* v. *Rivkin,* supra.

Accordingly, as to whether the plaintiff was entitled to a commission, we agree with the ultimate conclusion of the trial court. We arrive at our conclusion, however, by a different route. We do not conclude that a waiver by conduct equitably estopped the defendants from defeating the plaintiff's right to a commission. Instead, we hold that the plaintiff is entitled to a com-

mission because at the time WAWA and the defendants executed the lease, the listing agreement, by its terms, was in effect.

The route travelled by this court now leads to the plaintiff's cross appeal. With respect to the cross appeal, paragraph eight of the listing agreement provided that the defendants would pay to the plaintiff reasonable legal fees which the plaintiff incurred for the collection of any commissions that became due and payable under the terms of the agreement. At trial, the plaintiff's counsel submitted an itemization of the work performed and time expended to recover the plaintiff's commission. That became a full exhibit which was received by the trial court without objection by the defendants as to its reasonableness. In its judgment for the plaintiff, however, the court did not address one way or the other the issue of legal fees.

It is now settled that, if a listing agreement so provides, a broker is entitled to reasonable attorney's fees incurred in an action to recover a commission. *Storm Associates, Inc.* v. *Baumgold,* 186 Conn. 237, 440 A.2d 306 (1982). Since there was an operative listing agreement containing such a clause in existence at the time the lease was executed, the plaintiff is entitled to recover the reasonable legal fees that it incurred for the successful prosecution of this action. As to the amount of the legal fees, " 'courts have a general knowledge of what would be reasonable compensation for services which are fairly stated and described.' " *Piantedosi* v. *Floridia,* 186 Conn. 275, 279, 440 A.2d 977 (1982). Accordingly, we hold that the exhibit which itemized the time spent and work performed by the plaintiff's attorney provided a sufficient basis from which the trial court could have awarded the plaintiff a specific sum for its legal fees.

There is no error on the defendants' appeal. There is error on the plaintiff's appeal, the judgment is set

aside and the case is remanded to the trial court for a determination of reasonable legal fees in accordance with this opinion.

In this opinion DALY and COVELLO, Js., concurred.