[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: ACCEPTANCE OF REPORT OF ATTORNEY TRIAL REFEREE
The present action arises out of a sale of a motor vehicle by the defendant to the plaintiff. As a result of prior hearings, the Supreme Court has determined that where there is a violation of General Statutes § 42-98 of the Retail Installment Sales Financing Act (RISFA) and General Statutes § 42a-9-504 of the Uniform Commercial Code (UCC), the plaintiff is entitled to damages under both statutory schemes. See Jacobs v. HealeyFord-Subaru, Inc., 231 Conn. 707 (1995). The only issue presently before the court is the calculation, by the attorney trial referee (ATR), of the statutory penalty pursuant to General Statutes § 42a-9-507(1) which provides, in pertinent part:
"If the collateral is consumer goods, the debtor has a right to recover in any event an amount not less than the credit service charge plus ten percent of the principal amount of the debt or the time-price differential plus ten percent of the case price."
The parties are in dispute as to the method of calculation of the statutory damages and involves computations running from $1,316 as claimed by the defendant, to the sum of $8,112.04 as found by the Attorney Trial Referee.
The defendant asserts that the retail installment contract, upon which the calculations are based, was never admitted into evidence before the ATR and, accordingly, no calculations can be made with respect to statutory damages (the issue of judicial CT Page 1428-S notice was referred to, but not decided in Jacobs v. HealeyFord-Subaru, Inc., supra, 231 Conn. 730 n. 24). In an affidavit (Doc. #131) filed by the plaintiff in support of a motion for summary judgment, the plaintiff refers to the purchase of the vehicle under a retail installment contract on October 17, 1988. In a counteraffidavit (Doc. #134) the defendant refers to the retail installment contract which is attached to the affidavit as Exhibit C. The trial court may take judicial notice of the court file in the same case including prior memoranda, transcript, affidavits, and other facts contained in the court file.Borkowski v. Borkowski, 228 Conn. 729, 746 n. 6 (1994). The court may take judicial notice on its own initiative or on request by a party and use them for any purpose. Mirto v. Sullivan,36 Conn. Sup. 615, 617 (App. Sess. 1980). Judicial notice is a discretionary function dependent upon the nature of the subject matter, the issues involved and the apparent justice of the case.DeLuca v. Park Commissioners, 94 Conn. 7, 10 (1919). Under the existing circumstances, it is appropriate to utilize the retail installment contract to calculate the statutory damages.
With respect to the calculation itself, it is first necessary to determine whether the provisions of General Statutes §42a-9-507(1), quoted above, requires a determination of the "credit service charge plus ten percent of the principal amount of the debt" as well as a calculation of the "time-price differential plus ten percent" and then award the larger of the two sums. "Time-price differential" is defined as a "seller's extension of credit by demanding a premium (a time-price differential) in the amount representing the difference between a cash and credit price [which is] not considered to be a loan of money . . . ." Stelco Industries, Inc. v. Zander, 3 Conn. App. 306,308-309 (1985); see also Black's Law Dictionary, (6th Ed., 1990). Therefore, it appears to be more appropriate to interpret General Statutes § 42a-9-507(1) as requiring a "credit service charge" calculation when there is a third party creditor, such as a bank, and to require a calculation of the "time-price differential" when the original seller demands a premium representing the difference between the cash and credit price. See 4 J. White R. Summers, Uniform Commercial Code (UCC) (4th Ed. 1995) § 34-19, p. 465 n. 10; compare sentence structure inAtlas Credit Corp. v. Dolbow, 193 Pa. Super. 649, 185 A.2d 704, 1 UCC 5, 7 (1960) ("If the collateral is consumer goods the debtor has a right to recover in any event an amount not less than the credit service charge or time-price differential plus ten percent of the cash price or ten percent of the principal CT Page 1428-T amount of the debt."). The court therefore determines that it is necessary only to calculate the "time-price differential plus ten percent of the cash price" in order to determine the statutory damages herein applicable.
A review of the retail installment contract shows that the total sales price was in the amount of $17,695.04. The cash price for the vehicle is listed as $10,647.03, to which various additional charges should be added, including charges for an extended warranty, insurance, and conveyance fees, etc., in the amount of $2,851.87. Subtracting the cash price, as so determined (i.e., $10,647.03 + $2,851.87 = $13,498.90), from the total sales price of the vehicle ($17,695.04) indicates a time-price differential in the amount of $4,196.14, which is also the figure listed on the retail installment contract as the "dollar amount the credit will cost me". In addition to that amount, the plaintiff is entitled to recover ten percent of the cash price as previously determined which is $1,349.89, making a total amount of $5,546.03 due to the plaintiff under the calculations pursuant to the applicable UCC statute.
The report of the ATR is therefore accepted with the only change being the amount of the statutory penalty under the applicable statute. In all other respects, the report of the ATR, including the award of interest on the offer of judgment, is hereby adopted and judgment may enter accordingly.
Rush, J.